Jim H. NICHOLS, Plaintiff-Appellant,

v.

Elizabeth BARWICK, et al.,
Defendants-Appellees.

v.

BILOXI MACHINE WORKS & Roger
Clark Nichols, Third Party
Defendants.

No. 85–3459.

United States Court of Appeals,
Eleventh Circuit.

July 7, 1986.

Joshua M. Morse, III, Fowler and White, Tallahassee, Fla., for plaintiff-appellant.

Ronald A. Mowrey, David J. Russ, Tallahassee, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, TJOFLAT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

GODBOLD, Chief Judge:

This action was brought by plaintiff to recover for injuries he sustained while working on board the shrimp boat TIFFANY. Jurisdiction was invoked under the Jones Act, 46 U.S.C. § 688, 28 U.S.C. §§ 1331, 1333(1), 1337, and the general maritime law.

Defendants Elizabeth Barwick and her son, Ronny Barwick, are the owners of defendant vessel TIFFANY, which Ronny Barwick constructed. Plaintiff suffered the injury complained of when the boot on his left leg was caught or entangled on the rotating spool, or "cat-head," of the winch he was operating to retrieve the "try net."

The amended complaint alleged five causes of action: (1) negligence under the Jones Act, 46 U.S.C. § 688, (2) the maritime tort of negligence, (3) unseaworthiness of

the TIFFANY, (4) maintenance and cure, and (5) products liability. Defendants filed third party claims against Biloxi Machine Works, Inc. and Roger Nichols for contribution and indemnity.

After a two day bench trial, the district court dismissed plaintiff's claims under the Jones Act, the negligence claims, the unseaworthiness claim, and the products liability claim. The claim for maintenance and cure was dismissed as to the Barwicks, but plaintiff was awarded $13,053.73 plus interest against the TIFFANY for his medical expenses.

## I. *Appealability*

Defendants question the jurisdiction of this court to entertain this appeal because no final decision has been entered on defendants' third-party complaints. To be appealable an order must either be final or fall into a specific class of interlocutory orders made appealable by statute or jurisprudential exception. *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Under Fed.R.Civ.P. 54(b), absent an order from the court, no decision is final unless it adjudicates all claims among all parties.

■ Although the judgment in this case is not a final order within the meaning of "final" in 28 U.S.C. § 1291, this court has jurisdiction. 28 U.S.C. § 1292(a)(3) provides jurisdiction of appeals from

> [i]nterlocutory decrees ... of ... district courts ... determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

Not all the rights and liabilities of all the parties need be determined before such an order is appealable. *O'Donnell v. Latham*, 525 F.2d 650 (5th Cir.1976).

## II. *Negligence, unseaworthiness, and products liability claims*

### A. Causation

Plaintiff based the negligence claims, the unseaworthiness claim and the products liability claim on defendants' allegedly negligent placement of the winch. Plaintiff claimed that the winch was placed too close to the hatch cover and not high enough above the deck, which configuration presented an inherently unsafe condition.

■ One of the elements necessary to establish a cause of action for negligence, unseaworthiness, and products liability is causation. *See, e.g., Caldwell v. Manhattan Tankers Corp.*, 618 F.2d 361, 363 (5th Cir.1980) (Jones Act requires plaintiff to show a causal connection between his injury and some omission or commission by the shipowner that renders the ship unseaworthy); *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 329–330 (5th Cir.1977) (cause of action lies for damages for personal injury proximately caused by the vessel's unseaworthiness); Restatement (Second) of Torts § 402A(1) (1965) (imposing strict liability on sellers of defective products for "physical harm thereby caused to the ultimate user or consumer....").

■ Although the burden on the plaintiff to prove proximate cause in actions based on general maritime law and the Jones Act is very light, even "featherweight," *Davis*, 549 F.2d at 331, plaintiff in this case failed to meet his burden of proof. He presented no evidence to establish that his injury was caused by the proximity of the winch to the hatch cover or its height above the deck. The district court found that the size of the TIFFANY limited how far away the hatch could have been located and that the distance between the winch and the hatch was typical for a boat of that size and type. The winch controls were located in such manner as to require the operator to stand immediately next to the winch. Witnesses on both sides testified that the need to stand near the winch during operation was one of several reasons it was dangerous to wear loose clothing, long sleeves, or hip boots aboard a shrimp boat. Plaintiff was wearing turned down hip boots at the time of the accident; the catching of his boot by the cat-head initiated the injury. The district court found that plaintiff's wearing of these boots substantially contributed to his injury.

We cannot say that the findings of the district court are clearly erroneous. Because plaintiff has failed to establish the necessary causal connection between his injury and the placement of the winch, his negligence, unseaworthiness, and products liability claims must fail.

### B. The third party complaint

■ Plaintiff maintains that it was not necessary for him to prove negligence, unseaworthiness, or causation because the Barwicks, in their third party claims against Biloxi Machine Works and Roger Nichols, admitted facts that would constitute all three of these elements. Biloxi manufactured the winch in which plaintiff's leg became entangled. The third party complaint against Biloxi alleges that the winch was in a defective and unreasonably dangerous condition and that the "defective condition of the winch may have been a proximate cause" of plaintiff's injuries. The third party complaint against Roger Nichols alleges that as the owner *pro hac vice* of the TIFFANY he breached his duties to plaintiff to provide him with a seaworthy place to work and to adequately train and supervise him and to warn him of any dangers present on the TIFFANY.

Plaintiff's reliance upon *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir.1983) is misplaced. In *Ploof* the court held that the defendant was bound by its third party complaint/counterclaim as a judicial admission that the cause of action arose in Georgia. *Ploof* is an example of the general rule that a party is bound by the admissions in his pleadings.

An exception has been carved out of this general rule to permit the exercise of the liberal pleading and joinder provisions of the Federal Rules of Civil Procedure lest inconsistent pleadings under Rule 8(e)(2) be used as admissions negating each other and lest the allegations in third party complaints and cross-claims seeking recovery over in the event of liability in the principal action be used as admissions establishing liability. *Continental Insurance Co. of New York v. Sherman*, 439 F.2d 1294, 1298

(5th Cir.1971). In *Sherman* the court held that the general rule binding a party by the admissions in his pleadings did not apply when a party took "inconsistent positions ... in pleadings in a complicated joinder situation, involving ... the contingent liability of third parties." *Id.*

This case presents a fact pattern similar to that in *Sherman*. The Barwicks have taken inconsistent positions in their pleadings in order to lay a basis for establishing the contingent liability of Biloxi and Roger Nichols.

The entry of a default judgment on the third party complaint against Biloxi should make no difference in the result of this case. To apply the principles of res judicata or issue preclusion to inconsistent positions taken in pleadings in a joinder situation involving the contingent liability of third parties merely because a final judgment has been entered on those pleadings would contravene the language and the policies set forth in *Sherman*.

The judgment of the district court dismissing plaintiff's claims for negligence, unseaworthiness, and products liability must be affirmed.

### III. *Maintenance and cure*

■ Plaintiff asserted claims for maintenance and cure against the Barwicks and the TIFFANY.

Maintenance and cure are centuries old remedies under the general maritime law. A seaman's right to maintenance and cure is implicit in the contractual relationship between the seaman and his employer, and is designed to ensure the recovery of these individuals upon injury or sickness sustained in the service of the ship.... Maintenance and cure are due without regard to the negligence of the employer or the unseaworthiness of the ship.... Maintenance is a *per diem* living allowance, paid so long as the seaman is outside the hospital and has not reached the point of "maximum cure." Cure involves the payment of therapeutic, medical, and hospital expenses not otherwise furnished to the seaman,

again, until the point of "maximum cure."

*Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir.1979).

The district court awarded plaintiff $13,053.75 plus interest for cure but dismissed the claim for maintenance because plaintiff failed to produce evidence that he had actually incurred any expenses for food or lodging. The evidence indicated that when plaintiff was not in the hospital he lived with his parents who fed and cared for him. An injured seaman who has not paid his own expenses cannot recover for maintenance. *Marine Drilling, Inc. v. Landry*, 302 F.2d 127 (5th Cir.1962). "Maintenance is limited to seamen who actually incur expenses for their support. Thus, when maintenance is provided by parents or relatives or during hospitalization, no maintenance need be paid...." *Springborn v. American Commercial Barge Lines, Inc.*, 767 F.2d 89, 95 (5th Cir.1985).

### IV. *Wages*

Plaintiff claims that he is entitled to recover the wages that he would have earned if he had continued to work on the TIFFANY until the end of the season. There was no evidence, however, that plaintiff was working under a contract providing that his term of employment lasted the entire season. To the contrary, the evidence revealed that plaintiff was to work on the TIFFANY for at most two weeks and that his voyages lasted only a day each. A seaman under contract for a year can collect a year's lost wages as part of maintenance. *Vitco v. Joncich*, 130 F.Supp. 945 (S.D.Calif.1955). Otherwise, he is entitled to wages only to the end of the voyage. *Id.* *See also Farrell v. United States*, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949) (injured seaman entitled to wages only until the completion of the voyage and not for 12 months under a contract providing that the term of employment not exceed 12 months).

### V. *Attorney's Fees*

Attorney's fees are available to a plaintiff when the defendant refuses to provide maintenance and cure in bad faith, callously, or unreasonably. *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Mort v. Weyerhaeuser Co., SS C.R. Musser*, 294 F.Supp. 936 (S.D.N.Y.1968). The district court found that defendants' failure to provide payment for plaintiff's medical expenses was not so willful and egregious as to assess attorney's fees against them. We cannot say that this finding was clearly erroneous.

AFFIRMED.