**Keith FLOWER, Plaintiff,**

v.

**NORDSEE, INC., Defendant.**

Civ. No. 85–0377–P.

United States District Court,
D. Maine.

March 24, 1987.

Daniel R. Judson, Thomas J. Hunt, Boston, Mass., Richard Morton, Farmington, Me., for plaintiff.

Neal K. Stillman, Leonard W. Langer, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

GENE CARTER, District Judge.

This case is before the Court on Defendant's Motion for Partial Summary Judgment on Counts III and IV of Plaintiff's Complaint. For the reasons to be stated below, the Court will grant the motion in part and deny it in part.

Plaintiff Keith Flower injured his left ring finger while working aboard the F/V NORDSEE on August 3, 1984. He brought this action seeking recovery under the Jones Act, 46 U.S.C. § 688 (1982) (Count I), and the doctrine of unseaworthiness (Count II); he also seeks maintenance and cure (Count III) and punitive damages for willful failure to pay maintenance and cure (Count IV). Defendant Nordsee, Inc. now moves for partial summary judgment on Counts III and IV, relying on the pleadings, Plaintiff's deposition testimony and answers to interrogatories, and an affidavit of the NORDSEE's captain, Rodney King. In opposition thereto, Plaintiff has submitted his attorney's affidavit with attachments. After reviewing the materials and the parties' memoranda, the Court makes the following determinations.

Plaintiff's claim for maintenance is predicated on the assertion that he owes his parents approximately $1,050 for room and board for the three months (at $350 per month) during which he was unable to work and lived with them. There is little, if any, evidence that Plaintiff ever actually paid his parents anything to cover this three-month period, but an issue of material fact remains as to whether Plaintiff is genuinely in debt to his parents therefor. Although a seaman may not recover maintenance if parents or relatives support him during the recovery period, *e.g., Nichols v. Barwick*, 792 F.2d 1520, 1523–24 (11th Cir. 1986) (*citing Springborn v. American Commercial Barge Lines, Inc.*, 767 F.2d 89, 95 (5th Cir.1985)), a seaman who actually incurs expenses may recover maintenance. *See id.* If Plaintiff had lived on credit in a boarding house during his recovery, he could certainly assert a claim for maintenance in the amount of his indebtedness even though he had not yet actually paid out any monies for his support. The fortuity that Plaintiff lived with his parents during the recovery period should not change this result, so long as Plaintiff can show that he actually is indebted to them. Although there is little in the record to suggest that this is the case, there is enough to preclude summary judgment on that portion of Count III seeking maintenance payments.

Plaintiff's claim for cure is predicated solely on the assertion that, because he still occasionally suffers pain as a result of his injury, he *might* incur medical expenses in the future, for which Defendant could be held liable to him under the doctrine of cure. (It is undisputed that Defendant has promptly paid all of Plaintiff's medical bills to date arising out of the injury at issue.) Although Plaintiff is entitled to recover *definitely ascertainable* future medical ex-

penses, *see Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938), there is absolutely nothing in the record to support such a determination. The record shows that Plaintiff has not received medical care in connection with his injury since 1984, and there is not a shred of evidence that Plaintiff may require such care in the future. There is no genuine issue of fact preventing the Court from concluding that Plaintiff's future medical expenses are entirely speculative; summary judgment is therefore appropriate on that portion of Count III seeking payments for cure. If in the future Plaintiff does in fact incur medical expenses growing out of this injury, he may bring another action to recover payments for cure at that time. *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 401 (5th Cir.1979).

 Plaintiff's Count IV seeks punitive damages on the ground that Defendant's failure to pay maintenance and cure was callous, willful, or recalcitrant. *See Robinson v. Pocohontas, Inc.*, 477 F.2d 1048, 1051–52 (1st Cir.1973). Because Defendant has satisfied its existing obligation to pay cure, summary judgment is appropriate on that portion of Count IV alleging willful failure to pay cure. But genuine issues of material fact remain as to whether Defendant willfully failed to pay maintenance. Assuming, *arguendo*, that such payments were due, *see supra*, the record suggests that Plaintiff's attorney sent three requests for maintenance to Defendant, on August 15, and 23 and September 11, before receiving the first and only maintenance payment of $100 from Defendant on September 30. On this record there is a genuine issue of fact as to whether Defendant's state of mind was callous, willful, or recalcitrant; summary judgment is thus inappropriate.

It is therefore ORDERED that Defendant's Motion for Partial Summary Judgment on Counts III and IV is GRANTED insofar as those counts seek recovery for

cure and willful failure to pay cure and is in all other respects DENIED.