John D. McCLOW, Jr.,
Plaintiff–Appellant,

v.

WARRIOR & GULF NAVIGATION COMPANY, M/V SEMINOLE,
Defendant–Appellee.

No. 87–7511.
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 19, 1988.

Richard D. Horne, Hess, Atchison & Horne, William B. Jackson, II, Mobile, Ala., for plaintiff-appellant.

Broox G. Holmes, Donald C. Radcliff, Mobile, Ala., for defendant-appellee.

Before HILL, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

After he was injured, plaintiff-appellant John D. McClow brought suit under the Jones Act, 46 U.S.C. sec. 688, and general maritime law. This appeal challenges a jury verdict and judgment in favor of defendant-appellee Warrior & Gulf Navigation Co. ("Warrior & Gulf"). McClow argues that, at trial, the district court gave improper jury instructions regarding the appropriate standard of causation and burden of proof. We disagree and find no reversible error based upon the Record before us.[1]

Before discussing the specific facts surrounding this case, we address an initial contention raised by McClow. McClow challenges our precedent in *Spinks v. Chevron Oil Co.*, 507 F.2d 216 (5th Cir. 1975), *modified*, 546 F.2d 675 (5th Cir. 1977).[2] In *Spinks* we adopted a "substantial factor" standard of causation for "unseaworthiness" claims brought under general maritime law. *Spinks*, 507 F.2d at 222–23. Jones Act claims, on the other hand, involve a less demanding standard of causation: "causation may be found if the defendant's acts or omissions played any part, no matter now small, in bringing about the injury." *Joyce v. Atlantic Richfield Co.*, 651 F.2d 676, 685 (10th Cir.1981)

(citing *Spinks, supra*, in describing the different standards of causation under Jones Act and general maritime law claims); *see also Spinks*, 507 F.2d at 222–23. In effect, McClow urges that we apply the lesser Jones Act standard of causation to general maritime law claims.[3] This we decline to do, as we remain bound by precedent.

We turn now to the key issue in this case. The thrust of McClow's contentions focuses on the district court's instructions to the jury regarding the appropriate burden of proof. Under Jones Act *and* general maritime law "unseaworthiness" claims, "the burden on the plaintiff to prove proximate cause ... is very light, even 'featherweight.'" *Nichols v. Barwick*, 792 F.2d 1520, 1522 (11th Cir.1986) (citing *Davis v. Hill Eng'g, Inc.*, 549 F.2d 314, 331 (5th Cir.1977)). McClow argues that the district court improperly failed to instruct the jury on the burden of proof as it pertains to his general maritime law "unseaworthiness" claim.

Prior to the jury charge in this case, the parties discussed the district court's proposed jury instructions. These instructions mirrored substantially "Pattern Jury Instructions (Civil Cases)" prepared in 1980 by the U.S. Fifth Circuit District Judges Association for use in Jones Act and general maritime law jury trials. The district court also considered and incorporated jury instructions proposed by each party.

During this pre-charge discussion, McClow's attorney, Mr. Jackson, objected to a proposed jury instruction on the standard of causation under general maritime law. A colloquy ensued as follows:

---

**1.** The Record on Appeal includes a transcript of only one portion of the trial. Volume three of the Record contains a transcript of the jury charge discussions, the jury charge, and the verdict.

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

**3.** McClow cites opinions from other circuits to support his argument that both Jones Act and general maritime law claims should involve the

same, less demanding standard of causation. *See, e.g., Peymann v. Perini Corp.*, 507 F.2d 1318 (1st Cir.1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975); *Milos v. Sea–Land Service, Inc.*, 478 F.Supp. 1019 (S.D.N.Y.1979), *aff'd mem.*, 622 F.2d 574 (2d Cir.1980). Other circuits, however, have differentiated the standards of causation under each claim. *See Joyce*, 651 F.2d at 685–86 (10th Cir.); *Estate of Larkins v. Farrell Lines, Inc.*, 806 F.2d 510, 512 (4th Cir.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987).

MR. JACKSON: Your Honor, I think that it is an incorrect statement of the law that under a claim of unseaworthiness that there must be a finding or a showing of the condition being a substantial cause of the injury complained of. I think that the concept of the Jones act [sic] causation being a slight cause of the injury sustained is the way the courts—the way they've construed the Jones act, relatively slight.

THE COURT: We're not talking about the Jones act [sic] here.

MR. JACKSON: No, sir. I know that. But slight—and when you turn around and you say substantial cause under unseaworthiness, I think that you have increased the *burden of causation* in the jury's mind under the unseaworthiness claim. I think—I submit to the Court it's just a proximate cause.

THE COURT: It's totally different. It's totally different, unseaworthiness from the Jones act [sic].

MR. JACKSON: Yes, sir. And it's my contention that the *burden of proof* under the unseaworthiness claim is not that we have *to prove that it's substantially caused*, but that it approximately [sic] caused the injury, and then define for them what proximate causation is, which I think you've done. I think you've used the words "substantial cause" and it should be "proximate cause." I think substantial implies that there is some more excessive *causation burden* than actually exists under the law, under the unworthiness [sic] maritime law....

THE COURT: I think the word "substantial" comes out of the pattern charges. I'm not sure.

ROA Vol. 3, Trial Transcript, at 30–31 (emphasis added).

During the actual jury charge, the district court instructed the jury on McClow's Jones Act claim: "For purposes of this action, negligence is a *legal cause* if it played any part, no matter how small, in bringing about or actually causing the injury or damage. The plaintiff's *burden to prove* causation is light." *Id.* at 100 (emphasis added). Later, the court instructed the jury on McClow's general maritime law "unseaworthiness" claim:

Unlike the Jones act [sic] claim, with respect to which the plaintiff may recover if the alleged negligence is proved to be a slight cause of the injury sustained, in order to recover on a claim of unseaworthiness, it must be proved that the unseaworthy condition was a *substantial cause* of the injury complained of.

*Id.* at 106 (emphasis added).

The district court did not, at this point, tell the jury that McClow's burden to prove causation under either claim is "very light." *See Nichols,* 792 F.2d at 1522 (same *burden of proof* applies to both claims). McClow claims that this "omission" of the district court constitutes reversible error. We disagree.

It is apparent from the trial transcript that McClow failed to object properly to the district court's instructions on plaintiff's burden of proof. McClow's attorney objected to the court's instructions as they pertained to the issue of *causation.*[4] He did not, however, object to the court's instructions regarding the appropriate *burden of proof,* even though he had numerous opportunities to do so.[5] Thus, on appeal, we analyze McClow's contention in

---

**4.** McClow consistently has contended that the same *standard of causation* should apply to Jones Act and general maritime law "unseaworthiness" claims. We reject this contention. *See supra* text at note 3.

**5.** In the colloquy set out in text, McClow's attorney complained about the court's instructions only insofar as they "increased the burden of causation." ROA 3, Trial Transcript, at 30–31.

Prior to the jury charge, the parties argued over the burden of proof instruction under the Jones Act claim. The district court retained the instruction, which stated that plaintiff's burden

of proof was "light." McClow failed to argue that this same instruction should be given under his general maritime "unseaworthiness" claim. *Id.* at 55–56. At several points in its charge to the jury, the district court equated the overall burden of proof under the Jones Act with the overall burden of proof under general maritime law. *Id.* at 98, 104, 108 (to prevail under either claim, plaintiff must demonstrate a "preponderance of the evidence"). Finally, at the close of its jury charge, the court specifically asked if "the plaintiff [has] any exception to the Court's charge?", to which McClow's attorney responded, "No, sir." *Id.* at 116.

light of Rule 51 of the Federal Rules of Civil Procedure.

Rule 51 provides that "[n]o party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires, *stating distinctly* the matter objected to and the grounds of the objection." *Id.* (emphasis added). Although a party need not make a "formal" objection to a court's ruling or instruction, it must be "clear that the trial judge understood the party's position." 5A *Moore's Federal Practice* sec. 51.04, at 51-9, 51-28 (1987). If the party fails to object properly, then we reverse only if the district court committed "plain error." *See Wammock v. Celotex Corp.*, 835 F.2d 818, 822 (11th Cir.1988); *see also Iervolino v. Delta Air Lines, Inc.*, 796 F.2d 1408, 1415 (11th Cir.1986) (In the absence of a proper objection, "we will reverse only in exceptional cases where the error is 'so fundamental as to result in a miscarriage of justice.'"), *cert. denied,* — U.S. —, 107 S.Ct. 1300, 94 L.Ed.2d 155 (1987).

We perceive no plain error in this case.[6] At no point did the district court *misstate* the law as it pertains to the burden of proof or standard of causation. "So long as his jury instructions reflect the pertinent substantive law, the trial judge is given wide discretion as to the style and wording that he may employ." *Andres v. Roswell–Windsor Village Apartments*, 777 F.2d 670, 673 (11th Cir.1985). *See also Somer v. Johnson*, 704 F.2d 1473, 1477-78 (11th Cir.1983) ("'When the instructions, taken together, properly express the law applicable to the case, there is no error even though an isolated clause may be inaccurate, ambiguous, incomplete or otherwise subject to criticism.'").

McClow's other contentions are without merit. Accordingly, we AFFIRM the judgment of the district court.

---

6. Assuming *arguendo* that McClow properly objected to the district court's instructions on plaintiff's burden of proof, we doubt that reversible error was committed. In "light of the allegations of the complaint, the evidence presented, and the arguments of counsel," we believe that "the jury was [not] misled and ... the jury understood the issues." *Pate v. Seaboard R.R., Inc.,* 819 F.2d 1074, 1077 (11th Cir.1987). The district court did not commit a "clear abuse of discretion" when it refused to grant McClow's request for a new trial. *See id.*