Sergio JOAQUIM, Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., Defendant.

No. 92–2767–CIV.

United States District Court, S.D. Florida.

Oct. 6, 1993.

guarantee of at least $700 in tips each month. Plaintiff commenced work in accordance with the contract, but subsequently ceased work due to sickness or injury. Plaintiff left the Majesty of the Seas on May 3, 1992 in order to receive shoreside care. Since that time, Defendant has paid Plaintiff $425 per month.

On December 4, 1992, Plaintiff filed the instant action to recover unearned wages in excess of this monthly payment pursuant to the general maritime law governing maintenance and cure. Plaintiff brought his "Seaman's Class Action Complaint" on behalf of himself and as the representative of a class consisting of all of Defendant's tip earning employees. Plaintiff has moved for certification of this class in a separate motion. Defendant filed the instant motion to dismiss on January 28, 1993.

## MOTION TO DISMISS

■ Prior to examining the contentions of the parties, it is important to review the procedure that a federal district must follow when assessing a motion to dismiss pursuant to Rule 12(b)(6). Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 325–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The court must accept the allegations of the Complaint as true and must construe those allegations in the light most favorable to the plaintiff. *See Quinones v. Durkis,* 638 F.Supp. 856, 858 (S.D.Fla.1986). The court may not dismiss a claim pursuant to Rule 12(b)(6) unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the complaint. The Court turns to Defendant's motion to dismiss.

■ In support of its motion to dismiss, Defendant contends that, under general maritime, a sick or injured seaman is entitled to unearned wages covering either the period between the time of the seaman's sickness or injury and the date fixed by the employment contract upon which the contract terminates or, if the contract fixes no such date, between the time of injury or sickness and the end of the voyage. Defendant further contends that, although the contract between Plaintiff

Sharon Leslie Wolfe, Cooper & Wolfe, P.A., Miami, FL, Charles R. Lipcon, Miami, FL, for plaintiff.

Mercer Kaye Clarke, Spencer Hal Silverglate, Clark, Silverglate, Williams & Montgomery, Miami, FL, for defendant.

### ORDER OF DISMISSAL

NESBITT, District Judge.

This cause comes before the Court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

This dispute concerns Plaintiff's employment as a busboy/waiter aboard the M/V Majesty of the Seas ("the vessel"), a vessel operated by Defendant. According to the allegations of the Complaint, Plaintiff entered an employment contract on February 24, 1992, under which Plaintiff agreed to serve as a busboy/waiter aboard the vessel in exchange for a salary of $50 per month and a

and Defendant specifies that Plaintiff will be employed for the period of one year, the contract also permits Defendant to terminate the contract "without a particular reason". Defendant therefore maintains that the contract creates a mere expectation of employment for one year and does not constitute as a contract of definite duration. As a result, Defendant contends that the term of its obligation to pay Plaintiff unearned wages is defined by the length of the voyage on which Plaintiff became sick. Plaintiff, however, has failed to allege the date on which that voyage ended. Defendant concludes that, on the current pleadings, the Court cannot determine whether the amounts paid by Defendant to Plaintiff cover the full amount of unearned wages to which Plaintiff is entitled and that Plaintiff has therefore failed to state a claim.

 Each of these contentions is well supported in the law. To begin, the Court notes that it is well settled in this Circuit that unearned wages are payable as part of maintenance and cure. *Archer v. Trans/American Services, Ltd.*, 834 F.2d 1570 (11th Cir.1988). A seaman under contract for a year can collect a year's wages as part of maintenance. *Nichols v. Barwick*, 792 F.2d 1520, 1524 (11th Cir.1986). Otherwise, he is entitled to wages only until the end of the voyage. *Id.*

 Prior to reaching the question whether or not the contract at issue in the present case is one for fixed duration, the Court must consider which law governs interpretation of the contract. Generally, when admiralty law is silent on an issue, and there is no need for uniformity, state law must be heard. *Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 582 (5th Cir.1986); *Continental Oil Co. v. Bonanza Corp.*, 677 F.2d 455, 461 (5th Cir.1982). In the area of employment contracts, however, admiralty law provides the exclusive set of rules governing contract interpretation. As Justice Powell has emphasized:

> [S]eaman have traditionally maintained an exceptional status in regard to the regulation and control of their employment ... Seaman, particularly the type of blue seaman involved here, as wards of admiralty have been accorded a special status and protection under federal maritime law unknown to state law in the domain of the master servant relationship. *Unlike the land based worker, the seaman's employment and all of the rights and restrictions flowing therefrom, are determined by federal statutory and admiralty law, not state law* ...

*Oil, Chemical & Atomic Workers, etc. v. Mobil Oil*, 426 U.S. 407, 421–22, 96 S.Ct. 2140, 2147, 48 L.Ed.2d 736 (1976) (J. Powell, concurring), *quoting, Mobil Oil Corp. v. Oil, Chemical & Atomic Workers Int. U.*, 504 F.2d 272, 284–285 (5th Cir.1974) (J. Ainsworth, dissenting).

The present case concerns the effect of an unconditional termination clause on the duration of a maritime employment contract where the contract at issue also specifies a fixed period of duration. No case has yet considered this issue. As a result, the Court must turn to general principles of contract law to formulate a rule.

 Under general contract principles, if the language of a contract is clear, the question whether a contract is of definite duration is a legal matter for the court. *See, e.g., Olsen v. Allstate Ins. Co.*, 759 F.Supp. 782, 786 (M.D.Fla.1991); *see also Vienneau v. Met. Life Ins. Co.*, 548 So.2d 856 (Fla.App. 4th Dist.1989) ("The construction of a written document, such as an employment contract, presents a question of law for the court, if its language is clear and unambiguous."). A contract may be either one for fixed duration or one terminable at will. 9 Samuel Williston, Williston on Contracts § 1017 (3rd Ed.1967). Where the contract includes a termination clause, classification of the contract will depend on the language of the termination clause. If the clause imposes a condition on termination, the contract may be classified as one for fixed duration. *See* 3A Arthur L. Corbin, Corbin on Contracts § 647 (1960). If, however, the contract imposes no condition on the employer's power to terminate, the contract will be classified as one terminable at will, regardless of other language specifying a definite period of duration. *Gollberg v. Bramson Pub. Co.*, 685

F.2d 224 (7th Cir.1982); *Brekken v. Reader's Digest Special Products, Inc.*, 353 F.2d 505 (7th Cir.1965) (employment contract providing for a twelve month term of duration nevertheless held terminable at will because of language in the contract authorizing either party to terminate the contract upon written notice).

In the present case, the contractual provision at issue provides that:

> The period of employment is for one-year (12 months). The first 30–days of service are to be considered probationary which entitles the company to terminate this employment agreement. After the probation period, the Company may terminate the employment agreement for a valid reason provided the employee is given 7–days notice or 7–days base pay in lieu of notice. *The employment agreement may also be terminated without a particular reason,* provided the employee is paid two (2) months basic/minimum wage. (Emphasis added).

The underlined language clearly empowers Defendant to terminate the contract for any reason. The clause following the underlined language does not limit Defendant's power to terminate, it simply requires Defendant to make payment in a defined amount in the event that Defendant chooses to terminate. The Court concludes that the contract is terminable at will.

This conclusion fixes the resolution of Defendant's motion to dismiss. As noted, where a maritime employment contract is of indefinite term, the employer is obligated to provide unearned wages for the duration of the voyage upon which the employee becomes ill. Plaintiff's Complaint fails to allege either the date on which the voyage during which he became ill ended or the total amount that Plaintiff has received from Defendant. As a result, the allegations of the Complaint fail to demonstrate that Plaintiff is entitled to any relief. It is therefore,

ORDERED and ADJUDGED that Defendant's motion to dismiss is GRANTED. It is further ORDERED and ADJUDGED that

Plaintiff motion for class certification is DENIED as moot.

DONE and ORDERED.