United States Court of Appeals,

Eleventh Circuit.

No. 95-4708.

ISBRANDTSEN MARINE SERVICES, INC., a Connecticut Corporation, Plaintiff-Counter-Defendant-Appellee,

Florida Transportation Services, Inc., Intervenor-Plaintiff,

v.

M/V INAGUA TANIA, Her Engines, Tackle, Apparel, Freights, etc., in rem, Defendant-Intervenor-Defendant,

Zuki Teria Navigation, Inc., Claimant-Defendant-Counter-Claimant-Appellant,

Sea Road Shipping, Inc., Defendant.

Nov. 15, 1995.

Appeal from the United States District Court Southern District of Florida. (No. 95-6206-CIV-WJZ), William J. Zloch, Judge.

Before BIRCH and CARNES, Circuit Judges, and SIMONS[*], Senior District Judge.

PER CURIAM:

Appellant Zuki Teria is a Panamanian Corporation, which owned the M/V INAGUA TANIA. Appellee Isbrandtsen Marine Services, Inc. ("IMS") provided bunkers and lube oil to the vessel on the order of the vessel's charterers, Inagua Lines and Sea Road Shipping. IMS thereby held a maritime lien against the vessel. Zuki Teria also contracted directly with IMS to provide bunkers and lube oil to the vessel, and agreed to pay IMS a consulting fee.

IMS made repeated demands for payment, but Inagua Lines, Sea Road Shipping and Zuki Teria failed to pay for the bunkers and lube

[*]Honorable Charles E. Simons, Jr., Senior U.S. District Judge for the District of South Carolina, sitting by designation.

oil.  Zuki Teria also failed to pay for the consulting fees sought by IMS.

IMS executed on its maritime lien and the M/V INAGUA TANIA was arrested on March 1, 1995.  Subsequently the District Court set the bond necessary to secure the vessel's release at $294,560.00.  IMS purchased the vessel at the Marshal's sale on May 16, 1995.  The District Court confirmed the sale on June 21, 1995.  IMS subsequently sold the M/V INAGUA TANIA to Todds Point Marine, Inc., a party not involved in this action.  There was no dispute that the vessel thereafter sailed from Fort Lauderdale and is no longer in the court's jurisdiction.

Appellant Zuki Teria brought this Interlocutory Appeal challenging the Order setting the bond amount, the Order for interlocutory sale, and Orders denying Zuki Teria's Motions for Reconsideration of those Orders.  The Orders from which appellant Zuki Teria appeals are not "final Orders under 28 U.S.C. Section 1291."  Instead, Zuki Teria relies on 28 U.S.C. Section 1292(a)(3) to justify an Interlocutory Appeal.

Section 1292(a)(3) "provides jurisdiction of appeals from "[i]nterlocutory decrees ... determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.' "  *Bradford Marine, Inc. v. M/V SEA FALCON,* 64 F.3d 585, 588 (11th Cir.1995), citing *Nichols v. Barwick,* 792 F.2d 1520, 1522 (11th Cir.1986).  Here, because the Order setting the bond does not determine the rights and liabilities of the parties, we conclude that it is not subject to interlocutory appeal under Section 1292(a)(3).  *City of Fort Madison, Iowa v. Emerald*

*Lady,* 990 F.2d 1086, 1090 (8th Cir.1993); *Silver Star Enterprises, Inc. v. M/V SARAMACCA,* 19 F.3d 1008, 1013 (5th Cir.1994).

As for the Orders directing and confirming the sale of the vessel, pursuant to the teachings of *Bradford Marine,* appellate jurisdiction exists under Section 1292(a)(3). We conclude, however, that these appeals became moot upon the departure of the vessel from the court's jurisdiction, since all of Zuki Teria's arguments concerning the sale focus on its claim to possession of the vessel. *See* Fed.R.Civ.P.Supp.R. C(2); *Mackensworth v. SS AMERICAN MERCHANT,* 28 F.3d 246, 252 (2nd Cir.1994); *American Bank of Wage Claims v. Registry of Dist. Court of Guam,* 431 F.2d 1215, 1218 (9th Cir.1970).

For the reasons stated above, the appeal of the Order setting the bond is dismissed for lack of jurisdiction, and the remaining issues are dismissed as moot.

DISMISSED.