United States Court of Appeals, Eleventh Circuit.

No. 95-4509.

Andrew KASPRIK, Nancy Kasprik, his wife, Plaintiffs-Appellants,

v.

UNITED STATES of America, U.S. Department of the Navy, Military
Sealift Command, Defendants,

OMI Ship Management Corp., OMI Corp., Defendants-Appellees.

July 9, 1996.

Appeal from the United States District Court for the Southern
District of Florida. (No. 93-6642-CIV-WJZ), William J. Zloch,
Judge.

Before EDMONDSON, Circuit Judge, and FAY and GIBSON[*], Senior
Circuit Judges.

FAY, Senior Circuit Judge:

Mr. and Mrs. Andrew Kasprik appeal the District Court's Final
Order of Dismissal as to defendants-appellees, OMI Ship Management
Corporation and OMI Corporation. We AFFIRM.

## I. STATEMENT OF THE CASE

This action arises from an incident which occurred while
Andrew Kasprik was performing his duties as a second assistant
engineer aboard the U.S.S. Cape Charles, a public vessel owned by
the United States and operated, pursuant to contract, by OMI Ship
Management Corporation and OMI Corporation. Kasprik was employed
by the United States as a crew member of a vessel owned by the
United States through the Maritime Administration. As noted in the
District Court's order, it is undisputed that both OMI Ship
Management Corporation and OMI Corporation were acting as the

---

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for
the Eighth Circuit, sitting by designation.

agents of the United States at the time of the incident which forms the basis of this action.

Kasprik allegedly injured his wrist while attempting to manually engage the turning gear lever of the main engine and incurred medical and support expenses as a result of his injury. Kasprik filed suit against the United States claiming liability for his injury, and against the United States and OMI for alleged arbitrary and willful denial of maintenance and cure. OMI moved to dismiss Kasprik's claim on the grounds that the claim is barred by the exclusivity provision of the Suits in Admiralty Act ("SAA"), 46 U.S.C.App. § 745. The District Court entered a Final Order of Dismissal as to OMI, holding that under the exclusivity provision of the SAA, plaintiffs-appellants were barred from bringing an action for maintenance and cure and the failure to pay such against OMI as agents of the United States.

## II. STANDARD OF REVIEW

Our review of a dismissal for failure to state a claim is *de novo*. *Hunnings v. Texaco,* 29 F.3d 1480, 1484 (11th Cir.1994).

## III. DISCUSSION

The issue raised for our consideration in this action is one of first impression in this circuit, that being whether the exclusivity provision of the SAA prevents a seaman from seeking punitive damages from an agent of the United States for arbitrary and willful denial of maintenance and cure.

It is a well recognized rule in admiralty that when a seaman is injured or becomes ill while employed aboard a vessel, he is entitled to daily subsistence and medical treatment until his

maximum cure has been reached.

> A seaman's right to maintenance and cure is implicit in the contractual relationship between the seaman and his employer, and is designed to ensure the recovery of these individuals upon injury or sickness sustained in the service of the ship ... Maintenance and cure are due without regard to the negligence of the employer or the unseaworthiness of the ship.

*Nichols v. Barwick,* 792 F.2d 1520, 1523 (11th Cir.1986) (quoting *Pelotto v. L & N Towing Co.,* 604 F.2d 396, 400 (5th Cir.1979)).

As noted above, Kasprik's claim against OMI is for straight maintenance and cure payments and for punitive damages for the arbitrary and willful denial of these benefits. *Hines v. J.A. LaPorte, Inc.,* 820 F.2d 1187 (11th Cir.1987) is the leading case in our circuit and is consistent with traditional admiralty law which provides the highest safeguards for a seaman's right to maintenance and cure. *Hines* considered whether a seaman could recover punitive damages from a private vessel owner, in addition to reasonable attorney's fees, for the arbitrary and willful denial of maintenance and cure payments. Id. We held that "both reasonable attorney's fees and punitive damages may be legally awarded in a proper case." Id. at 1189.

Nevertheless, *Hines* is distinguishable from the instant case in that this action lies against an operator of a vessel owned by the United States, rather than a private vessel owner. This being so, seaman's claims arising from employment aboard vessels owned by the United States are governed by the Clarification Act, and enforced pursuant to the terms of the Suits in Admiralty Act. *McMahon v. United States,* 342 U.S. 25, 26, 72 S.Ct. 17, 18-19, 96 L.Ed. 26 (1951), *Gordon v. Lykes Bros. Steamship Co.,* 835 F.2d 96,

98 (5th Cir.), *cert. denied,* 488 U.S. 825, 109 S.Ct. 73, 102 L.Ed.2d 50 (1988). The SAA does not provide a cause of action against the United States but rather constitutes the United States' limited waiver of sovereign immunity with respect to admiralty suits. *Trautman v. Buck Steber, Inc.,* 693 F.2d 440, 444 (5th Cir.1982). The United States cannot be sued for punitive damages unless Congress explicitly authorizes such liability. *Missouri Pacific Railroad Co. v. Ault,* 256 U.S. 554, 41 S.Ct. 593, 65 L.Ed. 1087 (1921). Sovereign immunity has not been waived with respect to punitive damages.

Section 745 of the Suits in Admiralty Act provides:

> Where a remedy is provided under this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against an agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim.

46 U.S.C.App. § 745.

To date, the Fourth Circuit is the only circuit to have determined the precise issue which is now before us. However, before addressing *Manuel v. U.S.,* 50 F.3d 1253 (4th Cir.1995), we want to recognize *Shields v. U.S.,* 662 F.Supp. 187 (M.D.Fla.1987), a noteworthy opinion written by then District Court Judge Black, the first to have addressed this particular issue. With facts analogous to those in the instant case, the court in *Shields* found that the exclusivity provision of the SAA does not preclude a seaman's claim for punitive damages against an agent of the United States for willful and arbitrary failure to pay maintenance and cure. Id. We find the reasoning of the *Shields* decision persuasive. First, the court reasoned that no "remedy" is provided

by the SAA "[w]ith regard to the "subject matter' of an arbitrary and willful denial of maintenance and cure benefits." Id. at 190. Judge Black saw a clear distinction between the simple failure to provide maintenance and cure, for which a "remedy is provided," and the arbitrary and willful denial of such, for which no such remedy is provided.[1] Further, the opinion in *Shields* noted that "arbitrary claims handling is an entirely different subject matter from the negligent conduct for which the SAA provides a remedy." Id. The *Shields* opinion is easily understandable. However, we are also aware that its reasoning has been questioned and rejected. *Manuel v. United States,* 50 F.3d 1253 (4th Cir.1995); *Farnsworth v. Sea-Land Serv. Inc.,* 1989 WL 20544 (E.D.La. Mar. 7, 1989); *Fratus v. U.S.,* 859 F.Supp. 991 (E.D.Va.1994); *Smith v. Mar,* 896 F.Supp. 75 (D.R.I.1995); *Stewart v. U.S.,* 903 F.Supp. 1540 (S.D.Ga.1995); *Manning v. U.S.,* No. 93-6711 (S.D.Fla. Aug. 8, 1994).

In *Manuel,* the Fourth Circuit conducted an exhaustive review of the legislative history behind § 745 and found that "the exclusivity provision in 46 U.S.C. § 745 was intended to require a seaman injured aboard a government-owned ship to bring his maintenance and cure action against the United States." *Manuel,* 50 F.3d at 1259. More specifically, with respect to the terms of § 745, the court concluded that the SAA does indeed "provide a remedy" against the United States for failure to pay maintenance

---

[1]The court granted defendant's motion to dismiss Counts One and Two seeking damages from the United States for, inter alia, breach of its obligation to provide maintenance and cure. *Shields,* 662 F.Supp. at 189.

and cure.  Id. at 1260.  The court further found that "[t]he "subject matter' of this claim under the SAA is the seaman's entitlement to maintenance and cure resulting from his injury while employed aboard the ship" and that "[a]lthough the claim against the operator highlights the wrongful conduct of the operator's administrative employees, the action nonetheless arises from the seaman's entitlement to maintenance and cure resulting from his injury while employed aboard the ship."  Id. at 1259.

Although we ultimately agree with the reasoning in *Manuel,* we recognize that this resolution draws a fine line of distinction. We simply conclude that the phrase "by reason of the same subject matter" is the key factor in this matter.  Any claim for failure to pay maintenance and cure, even one alleging the arbitrary and willful denial of such, is "by reason of the same subject matter" as the seaman's entitlement to maintenance and cure resulting from his injury.  Consequently, Kasprik's claim against OMI for the arbitrary and willful denial of maintenance and cure has been effectively abolished by Congress under the exclusivity provision of the SAA.[2]

Therefore, we conclude that the exclusivity provision of the Suits in Admiralty Act precludes any action for punitive damages

---

[2]If we have erred in our interpretation of this provision of the SAA Congress can clarify or change the legislation.  As so clearly recognized by the court in *Manuel,* such a decision gives private operators managing ships owned by the United States the ability to willfully and arbitrarily deny maintenance and cure without suffering any consequences.  *Manuel,* 50 F.2d at 1260. The court further noted that should Congress consider this to be an unjust result, "it can correct the problem by carving out a maintenance and cure exception to the exclusivity rule, by waiving the United States' sovereign immunity, or by taking some other legislative action.  Id.

against OMI as the agent operating a vessel owned by the United States.  Instead, any action for maintenance and cure lies solely against the United States.[3]

## IV. CONCLUSION

The district court correctly granted OMI's motion to dismiss for failure to state a claim.  Therefore, we AFFIRM the order of the district court.

---

[3]Although "[a]ttorney's fees are available to a plaintiff when [a private party] refuses to provide maintenance and cure in bad faith, callously, or unreasonably," *Nichols v. Barwick,* 792 F.2d 1520, 1524 (11th Cir.1986), attorney's fees may not be awarded against the United States in the absence of specific statutory authority.  See *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 267-68, 95 S.Ct. 1612, 1626-27, 44 L.Ed.2d 141 (1975).  Our examination of the terms of the Suits in Admiralty Act reveal no explicit authorization for such an award.

However, with regard to compensatory damages, this court has held that "seaman have a claim for compensation for the suffering and for the physical injury which follow when the failure to give maintenance and cure aggravates the [injury]." *Hines v. J.A. LaPorte, Inc.,* 820 F.2d 1187, 1190 (11th Cir.1987).  See also, *Cortes v. Baltimore Insular Line,* 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932) (aggravation of injury caused by failure to pay maintenance and cure gives seaman a right of action for the injury with recovery not limited to necessary expenses, but also compensation for the hurt.)