**Richard FRATUS, Plaintiff,**

v.

**UNITED STATES of America and U.S. Marine Management, Inc., Defendants.**

**Civ. A. No. 2:93cv1165.**

United States District Court, E.D. Virginia, Norfolk Division.

March 16, 1994.

---

Jesse Suit, III, Norfolk, VA, for plaintiff.

John Crumpler, Jr.; Anita Henry, U.S. Attorney's Office, Norfolk, VA, and Debra J. Kossow and Peter Frost, U.S. Dept. of Justice, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

The Plaintiff, Richard Fratus, brought this action to recover compensation for injuries allegedly sustained while working as a seaman aboard the United States vessel USNS WORTHY. It presently comes before the Court on the Defendant U.S. Marine Management, Inc.'s ("USMM") Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. USMM argues that, as an agent of the United States, it is not subject to suit for any negligence in operating a government-owned vessel or for the unseaworthiness of the government vessel; likewise, USMM contends that it is not subject to suit for willful failure to pay maintenance and cure. After a review of the underlying complaint, the memoranda submitted by the parties, and the applicable statutory and case law, the Court GRANTS USMM's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Construing the factual allegations of the complaint in Fratus' favor, it appears that during late 1991 and most of 1992 Fratus was employed by USMM as a seaman aboard the vessel USNS WORTHY. The United States owned this vessel, but at the time of Fratus' injuries USMM actually operated and managed the USNS WORTHY for the United States. On three separate occasions while working aboard the vessel, Fratus sustained injuries due to the alleged negligence of the defendants and the unseaworthiness of the vessel.[1] In each of the first three counts of his complaint, Fratus seeks money damages from the United States under the Suits in

---

1. Count I of Fratus' complaint states that he suffered the first of his injuries aboard the USNS WORTHY on or about December 1, 1991. Count II contends that on or about February 2, 1992 Fratus sustained his second injury aboard the vessel. Count III states that his third injury occurred on the vessel on or about November 11, 1992.

Admiralty Act ("SAA"), 46 U.S.C.App. §§ 741–752; the Public Vessels Act ("PVA"), 46 U.S.C.App. §§ 781–790; the Jones Act, 46 U.S.C.App. § 688; and the general maritime laws of the United States. He does *not* seek judgment against USMM in Counts I–III.

Fratus also alleges that he has not received from USMM payment of reasonable maintenance and cure to which he is entitled as a result of his injuries aboard the USNS WORTHY, although he has requested it and has supplied all necessary medical information. He also claims that due to USMM's willful disregard for his rights and failure to pay maintenance and cure, he has had to obtain an attorney to bring suit on his behalf and has suffered economic damages and exacerbation of his original injuries. Thus, in Count IV of the complaint, Fratus seeks judgment against USMM for such reasonable maintenance and cure as deemed proper; he also seeks punitive damages, attorney's fees, interest, and costs against USMM for its arbitrary and willful non-payment of maintenance and cure.[2]

Fratus filed this complaint on November 29, 1993. In response, USMM submitted a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). USMM contends that it is not a proper defendant, since the "exclusivity" provision of the SAA and PVA allows a seaman aboard a United States vessel recourse only against the United States itself.

In response, Fratus suggests that his claim against USMM for willful failure to pay maintenance and cure is viable since the SAA and PVA do not provide a cause of action against the United States for it. In support of his position, he relies upon the decision in *Shields v. United States*, 662 F.Supp. 187 (M.D.Fla.1987) and Magistrate Judge Miller's Report and Recommendation in *Manuel v. United States*, Civ. Action No. 2:93cv306 (E.D.Va. Feb. 3, 1994).

## II. STANDARD FOR DISMISSAL

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed·in the light most favorable to the plaintiff and his allegations are taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bruce v. Riddle*, 631 F.2d 272, 273–74 (4th Cir.1980). A court should not dismiss a complaint even if it appears on the face of the pleadings that the chance of recovery is very remote. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686.

## III. ANALYSIS

In Count IV of his complaint, Fratus asserts claims for maintenance and cure, punitive damages, attorney's fees, and costs against USMM for its willful and arbitrary refusal to pay maintenance and cure. USMM contends that the "exclusivity" provision of 46 U.S.C.App. § 745 prohibits suit against an agent of the United States who is operating a government-owned vessel.

In enacting the SAA and PVA, Congress expressly waived the United States' sovereign immunity and provided seamen who are injured aboard a vessel of the United States with a cause of action against the United States, even if the vessel is operated by a private entity, such as USMM. *See* 46 U.S.C.App. §§ 742 & 781. Section 745 of the PVA, however, sets certain restrictions upon a seaman's cause of action. In particular, it states that

> where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States ... whose act or omission gave rise to the claim.

*Id.* § 745.

In its motion, USMM asserts that, as a matter of law, Fratus is barred by the exclusivity provision from asserting a claim against it for the payment of or willful refusal to pay maintenance and cure. The interpretation of the exclusivity provision is the primary consideration in resolving this issue.

---

**2.** In Count IV, Fratus does *not* seek judgment against the United States.

**994**

USMM interprets this section to bar suit against it since Fratus has a remedy under the SAA and the claim for willful failure to pay maintenance and cure is "by the reason of the same subject matter," namely the injury sustained aboard the vessel. Conversely, Fratus asserts that the refusal of USMM to pay maintenance and cure is a completely different subject matter from the on-board injuries and he suggests that, since the SAA and PVA do not provide for a punitive damages remedy against the United States for willful non-payment, his claim is not barred by § 745.

Precedent on this issue in this circuit is non-existent; there is sparse precedent on it from other circuits. In fact, only three district courts have reported addressing this particular issue. *See Henderson v. International Marine Carriers,* 1990 A.M.C. 400 (E.D.La.1989); *Farnsworth v. Sea–Land Serv., Inc.,* 1989 WL 20544, 1989 U.S. Dist. LEXIS 2270 (E.D.La.1989); *Shields v. United States,* 662 F.Supp. 187 (M.D.Fla.1987). Among these cases, there is a split in the holdings. *Shields* and *Henderson* allowed suit against an agent of the United States for willful non-payment of maintenance and cure; *Farnsworth* did not.

Fratus relies most heavily upon the holding in *Shields v. United States,* 662 F.Supp. 187 (M.D.Fla.1987).[3] In *Shields,* the plaintiff, a seaman employed aboard a government-owned vessel which was being operated by Sea–Land Corporation, filed suit against Sea–Land for arbitrary failure to pay maintenance and cure which he was due as a result of an injury sustained aboard the vessel. The *Shields* court denied Sea–Land's motion to dismiss, which was based upon the exclusivity provision of § 745. In so doing, the court found that non-payment by an insurance department of Sea–Land was a different "subject matter" from the seaman's action against the United States for "the wrongful acts of [Sea–Land's] master or crew in the management of a United States vessel." *Id.* at 190. The *Shields* court also considered the "strong federal policy in favor of maintenance and cure benefits" in allowing the claim to stand. *Id.* at 191. Likewise important in the *Shields* court's decision was the fact that the SAA provides no remedy "for willful denial of maintenance and cure. *Id.*

The *Henderson* court tracked the logic of the *Shields* decision and allowed the plaintiff seaman to state a cause of action against an agent of the United States for willful failure to pay maintenance and cure. 1990 A.M.C. at 401–02. In doing so, the court stated that the "SAA does not provide a remedy for this claim; therefore, the SAA exclusivity provision does not apply." *Id.* at 402.

In *Farnsworth,* though, the same court that decided *Henderson* ruled that the exclusivity provision barred a suit against an agent of the United States for willful non-payment of maintenance and cure. 1989 WL 20544, 1989 U.S.Dist. LEXIS 2270 (E.D.La. 1989).[4] The *Farnsworth* court stated that it was not persuaded by *Shields* and refused to "give the exclusivity provision the limited construction adopted by the *Shields* court." *Id.* at *5, 1989 U.S.Dist. LEXIS 2270 at *11. It held that "[w]hile plaintiff's maintenance and cure claims may not arise out of the same act or omission as his claims for negligence and unseaworthiness, they certainly are 'by reason of the same subject matter.' " *Id.*

Having reviewed the language of the exclusivity provision of § 745 and the limited case law interpreting that section, the Court agrees with the *Farnsworth* court that *Shields* misapplies the exclusivity provision. Likewise, the Court agrees that a proper reading of the statute demonstrates that to be barred, a claim need not arise out of the same act or omission, but need only arise "by

**3.** In his brief, Fratus also relies upon the recommendation of Magistrate Judge Miller in his Report and Recommendation in the case of *Manuel v. United States,* Civ. Action No. 2:93cv306 (E.D.Va. Feb. 3, 1994). He had recommended that the Court interpret the exclusivity provision so as to allow a cause of action against an agent of the United States for willful refusal to pay maintenance and cure. By Memorandum Opinion and Order of today's date, the Court has declined to follow that recommendation.

**4.** Although the *Farnsworth* case was decided by the Eastern District of Louisiana on March 7, 1989, the *Henderson* case, decided on September 12, 1989, fails to mention that prior decision.

reason of the same subject matter." In the present case, the non-payment of maintenance and cure issue clearly arose by reason of the same subject matter that gave Fratus a claim against the United States, i.e., the injuries aboard the USNS WORTHY.

The Court finds the contrary reasoning of the *Shields* decision unpersuasive. First, *Shields* cites, but ignores, the exclusivity provision's legislative foundation, which tends to conflict with the logic of the court's decision. The court noted that the exclusivity provision was added to the statute because of a need to "unequivocally designate the United States as the one to whom a claim for loss caused by the government's ship should be directed." 662 F.Supp. at 189. Furthermore, it stated that the provision should be broadly construed in order to effectuate the statute's remedial purpose. *Id.* at 190. Construing this statute most broadly requires that a seaman be given the right to proceed against a known source, i.e., the United States government. In exchange for the statute's certainty that the United States will be accountable for his injuries, a seaman sacrifices the right to proceed against the agent of the government who might otherwise be responsible. To hold that USMM is susceptible to suit in this instance would abrogate the clear legislative intent of § 745.

Secondly, the *Shields* decision relies too heavily upon the fact that the SAA does not provide a remedy for willful refusal to pay maintenance and cure. The clear language of the statute makes it irrelevant whether the SAA or PVA provides a remedy for a related claim. It only matters whether the "other action" is "by reason of the same subject matter" as the one for which a remedy is provided. The Court finds that the claim for willful failure to pay maintenance and cure is by reason of the same subject matter (the alleged accidents) as the negligence and unseaworthiness claims for which the SAA and PVA provide relief against the United States.

Therefore, the Court finds that, as a matter of law, a seaman has no cause of action against an agent of the United States to recover maintenance and cure or for the willful failure to pay maintenance and cure

since the exclusivity provision of the SAA and PVA bars any such claim.

## IV. CONCLUSION

 The exclusivity provision of 46 U.S.C.App. § 745 bars a seaman's claim against an agent of the United States who operates a government-owned vessel, not only for the agent's negligence or for the unseaworthiness of the vessel, but likewise for the failure to pay maintenance and cure. Therefore, USMM's Motion to Dismiss is GRANTED and USMM is DISMISSED as a defendant to this suit.

IT IS SO ORDERED.