Michael A. **MANUEL**, Plaintiff,

v.

**UNITED STATES of America and International Marine Carriers, Inc., Defendants.**

Civ. A. No. 2:93cv306.

United States District Court, E.D. Virginia, Norfolk Division.

March 16, 1994.

Jesse M. Suit, III, Rutter & Montagna, Norfolk, VA, for plaintiff.

Michael A. Rhine, U.S. Attorney's Office, Norfolk, VA and Peter F. Frost, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, for the U.S. and on behalf of Intern. Marine Carriers, Inc.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

The Plaintiff, Michael Manuel, brought this action to recover compensation for injuries allegedly sustained while working as a seaman aboard the United States vessel CAPE FLORIDA. It presently comes before the Court on the Defendant United States' objections to the Report and Recommendation of Magistrate Judge Miller pursuant to 28 U.S.C. § 636(b)(1)(C). In his Report and Recommendation, Magistrate Judge Miller recommended that the Court grant the United States' motion for summary judgment as to Defendant International Marine Carriers, Inc. ("IMC") because, as an agent of the United States, IMC is not subject to suit for any negligence in operating a government-owned vessel or for the unseaworthiness of the government vessel; he also recommended that the plaintiff Manuel be allowed to amend his complaint to state a cause of action against IMC for willful failure to pay maintenance and cure. It is the second of these recommendations to which the United States objects. After careful *de novo* review of this matter, the Court agrees that summary judgment should be granted in IMC's favor on the negligence and unseaworthiness claims; however, the Court disagrees with the Report and Recommendation as to Manuel's proposed amendment of the complaint and therefore denies Manuel's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Manuel's complaint alleges that on April 10, 1991 he was employed as a seaman aboard the CAPE FLORIDA, a vessel owned by the United States. At the time of the alleged injuries to Manuel's back and groin, the CAPE FLORIDA was being operated and controlled by IMC pursuant to a contract with the United States. Manuel contends he suffered these injuries while removing freshwater covers in the vessel's engine room.

Manuel filed suit against the United States and IMC on April 8, 1993 under the Suits in Admiralty Act ("SAA"), 46 U.S.C. §§ 741–752, and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 781–790. He alleges that he was injured due to the negligence of the defendants and the unseaworthiness of the vessel. On June 25, 1993, the United States filed an answer; IMC was served through the Virginia State Corporation Commission, but did not respond with an answer. On September 8, 1993, the Court entered default as to IMC. The United States, however, filed a Motion for Summary Judgment on IMC's behalf on August 26, 1993. On September 15, 1993, Manuel filed a Motion for Leave to File Supplemental and Amending Complaint.

On November 5, 1993, the Court ordered Magistrate Judge Miller to conduct hearings on the two motions and to file a Report and Recommendation. On February 3, 1994, Magistrate Judge Miller submitted his Report and Recommendation. He recommended that the United States' motion for summary judgment on IMC's behalf be granted because, as an agent of the United States operating a government-owned vessel, IMC is not subject to suit under the SAA or the PVA. Furthermore, he recommended that Manuel be allowed to amend his complaint to state a claim against IMC for willful failure to pay maintenance and cure; this recommendation rested upon an interpretation of the SAA's "exclusivity" provision which had been employed in *Shields v. United States*, 662 F.Supp. 187 (M.D.Fla.1987).

On February 22, 1994, the United States filed its objections to the Report and Recommendation. It agrees that Manuel cannot state a claim for negligence or unseaworthiness against IMC; however, it also contends that § 745 of the SAA bars Manuel from stating a claim against IMC for willful failure to pay maintenance and cure. Manuel filed no objection to the magistrate judge's recom-

mendation concerning the summary judgment issue.

## II. STANDARD OF REVIEW/DECISION

In considering the magistrate judge's Report and Recommendation, the Court is required to make a *de novo* determination of those portions to which objection is made. 28 U.S.C. § 636(b)(1). As to any portion of the Report and Recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations which were made by the magistrate judge. *Id.*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmoving party must introduce evidence to create an issue of material fact on "an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Therefore, the moving party, in this case the United States, must demonstrate that there are no genuine issues of material fact and that IMC is entitled to judgment as a matter of law based upon those facts.

■ Beyond the twenty-day period following the filing of a pleading, Rule 15 of the Federal Rules of Civil Procedure allows the district court to exercise its discretion in granting or denying leave to amend that pleading as justice requires. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). The Supreme Court has directed that this rule be given a liberal application so that a plaintiff may "be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In applying Rule 15(a) the Court advised that

> [i]n the absence of any apparent. or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.*

## III. ANALYSIS

### A. Summary Judgement on Negligence and Unseaworthiness Claim

In the single. count of his original complaint and in the first count of his proposed amended complaint, Manuel asserts a claim for negligence and unseaworthiness against both the United States and IMC for the injuries he sustained aboard the CAPE FLORIDA. He bases these claims upon provisions of the SAA and PVA which waive sovereign immunity and allow a seaman who is working aboard a vessel owned by the United States to institute suit against the United States for injuries sustained thereon. *See* 46 U.S.C. §§ 742 & 781. Section 745 of the PVA, however, sets certain restrictions upon a seaman's cause of action. In particular, it states that

> where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the *agent or employee of the United States ... whose act or omission gave rise to the claim.*

*Id.* § 745 (emphasis added).

■ In its summary judgement motion, the United States asserts that Manuel, as a matter of law, cannot assert a claim against IMC for any negligence or unseaworthiness because this "exclusivity" provision of § 745 directs that a seaman's sole recourse is against the United States and not against an agent of the United States who might otherwise be responsible. In this case, it is clear from the facts and exhibits presented that IMC was operating the CAPE FLORIDA as an agent for the United States at which time Manuel was allegedly injured. Furthermore, it is clear that the SAA and PVA provide a remedy for Manuel against the United States for the acts or omissions giving rise to this claim.

The Court agrees with the Report and Recommendation that summary judgment in favor of IMC is appropriate. The exclusivity provision of § 745 bars Manuel's claim against IMC for negligence and unseaworthiness since IMC was acting as an agent of the United States in operating the CAPE FLORIDA. Therefore, the United States' motion for summary judgment on behalf of IMC in regards to the original complaint is GRANTED.

## B. Amending Complaint to Allege IMC's Willful Failure to Pay Maintenance and Cure

■ Also before the magistrate judge for consideration was Manuel's motion for leave to file an amended and supplemented complaint against the United States and IMC. The proposed complaint would state two causes of action: the first count would encompass those claims for negligence and unseaworthiness considered above; the second count would allege that IMC willfully and arbitrarily refused to pay maintenance and cure to Manuel. As damages for the second count, Manuel seeks payment of the maintenance and cure, punitive damages, costs of this action, and attorney fees. In response to Manuel's motion for leave the United States, on behalf of IMC, contends that the exclusivity provision of the SAA and PVA bars such an action against an agent of the United States.

The interpretation of the exclusivity provision is the primary consideration in resolving this issue. Again, the statute provides that

> where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States ... whose act or omission gave rise to the claim.

46 U.S.C. § 745. The United States contends that this section bars suit against IMC since Manuel has a remedy under the SAA and the claim for willful failure to pay maintenance and cure is "by the reason of the same subject matter," namely the injury sustained aboard the vessel. Manuel asserts that the refusal of IMC to pay maintenance and cure is a completely different subject

matter from the on-board injuries and he suggests that, since the government has not provided a punitive damages remedy under the SAA or PVA for willful non-payment, his claim is not barred by § 745.

Precedent on this issue in this circuit is non-existent; there is sparse precedent on it from other circuits. In fact, only three district courts have reported addressing this particular issue. *See Henderson v. International Marine Carriers,* 1990 A.M.C. 400 (E.D.La.1989); *Farnsworth v. Sea–Land Serv., Inc.,* 1989 WL 20544, 1989 U.S. Dist. LEXIS 2270 (E.D.La.1989); *Shields v. United States,* 662 F.Supp. 187 (M.D.Fla.1987). Among these cases, there is a split in the holdings. *Shields* and *Henderson* allowed suit against an agent of the United States for willful non-payment of maintenance and cure; *Farnsworth* did not.

In recommending that Manuel be granted leave to file this amended complaint, the magistrate judge relied upon the holding in *Shields v. United States,* 662 F.Supp. 187 (M.D.Fla.1987). In *Shields,* the plaintiff, a seaman employed aboard a government-owned vessel which was being operated by Sea–Land Corporation, filed suit against Sea–Land for arbitrary failure to pay maintenance and cure which he was due as a result of an injury sustained aboard the vessel. The *Shields* court denied Sea–Land's motion to dismiss, which was based upon the exclusivity provision of § 745. In so doing, the court found that non-payment by an insurance department of Sea–Land was a different "subject matter" from the seaman's action against the United States for "the wrongful acts of [Sea–Land's] master or crew in the management of a United States vessel." *Id.* at 190. The *Shields* court also considered the "strong federal policy in favor of maintenance and cure benefits" in allowing the claim to stand. *Id.* at 191. Likewise important in the *Shields* court's decision was the fact that the SAA provides no remedy for willful denial of maintenance and cure. *Id.*

The *Henderson* court tracked the logic of the *Shields* decision and allowed the plaintiff seaman to state a cause of action against an agent of the United States for willful failure to pay maintenance and cure. 1990 A.M.C.

at 401–02. In doing so, the court stated that the "SAA does not provide a remedy for this claim; therefore, the SAA exclusivity provision does not apply." *Id.* at 402.

In *Farnsworth,* though, the same court that decided *Henderson* ruled that the exclusivity provision barred a suit against an agent of the United States for willful non-payment of maintenance and cure. 1989 WL 20544, 1989 U.S.Dist. LEXIS 2270 (E.D.La. 1989).[1] The *Farnsworth* court stated that it was not persuaded by *Shields* and refused to "give the exclusivity provision the limited construction adopted by the *Shields* court." *Id.* at *5, 1989 U.S.Dist. LEXIS 2270 at *11. It held that "[w]hile plaintiff's maintenance and cure claims may not arise out of the same act or omission as his claims for negligence and unseaworthiness, they certainly are 'by reason of the same subject matter.'" *Id.*

■ Having reviewed the language of the exclusivity provision of § 745 and the limited case law interpreting that section, the Court agrees with the *Farnsworth* court that *Shields* misapplies the exclusivity provision. Likewise, the Court agrees that a proper reading of the statute demonstrates that to be barred, a claim need not arise out of the same act or omission, but need only arise "by reason of the same subject matter." In the present case, the nonpayment of maintenance and cure issue clearly arose by reason of the same subject matter which gave Manuel a claim against the United States, i.e., the injuries aboard the CAPE FLORIDA.

The Court finds the contrary reasoning of the *Shields* decision unpersuasive. First, *Shields* cites, but ignores, the exclusivity provision's legislative foundation, which tends to conflict with the court's decision. The court noted that the exclusivity provision was added to the statute because of a need to "unequivocally designate the United States as the one to whom a claim for loss caused by the government's ship should be directed." 662 F.Supp. at 189. Furthermore it stated that the provision should be broadly construed in order to effectuate the statute's remedial purpose. *Id.* at 190. Construing

this statute most broadly requires that a seaman be given the right to proceed against a known source, i.e., the United States government. In exchange for the statute's certainty that the United States will be accountable for his injuries, a seaman sacrifices the right to proceed against the agent of the government who might otherwise be responsible. To hold that IMC is susceptible to suit in this instance would abrogate the clear legislative intent of § 745.

Secondly, the *Shields* decision relies too heavily upon the fact that the SAA does not provides a remedy for willful refusal to pay maintenance and cure. The clear language of the statute makes it irrelevant whether the SAA or PVA provides a remedy for a related claim. It only matters whether the "other action" is "by reason of the same subject matter" as the one for which a remedy is provided. The Court finds that the claim for willful failure to pay maintenance and cure is by reason of the same subject matter (the alleged accident) as the negligence and unseaworthiness claims for which the SAA and PVA provide relief against the United States.

Therefore, the Court finds that, under the *Foman* criteria, it would be futile to allow Manuel to amend his complaint under Rule 15 to state a claim against IMC for willful failure to pay maintenance and cure since the SAA and PVA exclusivity provision bars any such cause of action. Manuel's motion for leave to amend is DENIED.

## IV. CONCLUSION

The exclusivity provision of 46 U.S.C. § 745 bars a seaman's claim against an agent of the United States who operates a government-owned vessel. Not only does this bar suit for the agent's negligence or for the unseaworthiness of the vessel, it likewise prohibits suit against the agent for willful failure to pay maintenance and cure. Therefore, the United State's motion for summary judgment in favor of IMC is GRANTED. Plaintiff Manuel's motion for leave to amend and supplement his complaint is DENIED. The De-

---

1. Although the *Farnsworth* case was decided by the Eastern District of Louisiana on March 7, 1989, the *Henderson* case, decided on September 12, 1989, fails to mention that prior decision.

fault against IMC is SET ASIDE pursuant to Fed.R.Civ.P. 55(c) and judgment is GRANTED in IMC's favor.

IT IS SO ORDERED.