United States Court of Appeals,

Fifth Circuit.

No. 94-40697

Summary Calendar.

Lloyd HENDERSON, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

May 10, 1995.

Appeal from the United States District Court for the Eastern District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:

Lloyd Henderson filed a personal injury suit against the United States under the Suits in Admiralty Act (the "SAA"), 46 U.S.C. app. §§ 741-752 (1988), and the Public Vessels Act (the "PVA"), 46 U.S.C. app. §§ 781-790 (1988). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the district court dismissed Henderson's complaint for lack of subject-matter jurisdiction. Henderson appeals the district court's dismissal, and we affirm.

I

Lloyd Henderson, a merchant mariner, was injured while working aboard a vessel owned and operated by the United States. On April 8, 1993, Henderson filed a personal injury suit against the United States under the SAA and PVA. Forty-seven days later, on May 25, 1993, the Attorney General of the United States received by mail a copy of the complaint. On August 30, 1993, Henderson filed a

1

motion for postponement in the district court, in which he claimed that documents necessary to complete service of process on the government had been lost in the mail.  The district court granted Henderson's motion, but ordered that he complete service within fifteen days.  The United States Attorney for the district in which the action was brought was personally served with the complaint on September 3, 1993, 148 days after Henderson had filed the suit.

The United States moved to dismiss Henderson's suit for lack of subject-matter jurisdiction, arguing that § 742 of the SAA requires that plaintiffs effect service of process in suits brought against the government under the SAA "forthwith."  The district court denied the motion without opinion.  The United States subsequently renewed its motion to dismiss, citing *United States v. Holmberg,* 19 F.3d 1062 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994).  The district court dismissed Henderson's complaint without prejudice for lack of subject-matter jurisdiction.

Henderson appeals, arguing that (1) the district court granted him an extension of time in which to effect service of process on the Government;  (2) given the problems he had with the mail, he completed service of process on the Government reasonably forthwith;  (3) his service on the Attorney General was forthwith and satisfied the service requirements of § 742;  and (4) the district court's dismissal of his complaint violated his right to

due process.[1]

## II

Service of process on the United States is accomplished by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and by sending a copy of the summons and complaint to the Attorney General of the United States.  Fed.R.Civ.P. 4(i)(1) (previous version at Rule 4(d)(4) (1993));  *Peters v. United States,* 9 F.3d 344, 345 (5th Cir.1993).  At the time Henderson filed his suit, service of process in suits brought under the SAA was governed by two separate timeliness requirements.  Rule 4(j) of the Federal Rules of Civil Procedure required that a plaintiff effect service within 120 days after filing the suit.  Fed.R.Civ.P. 4(j) (1993) (current version at Rule 4(m)).[2]  Under § 742 of the SAA, however, a plaintiff that

---

[1]We do not address Henderson's due process claim because the district court dismissed his complaint without prejudice, and Henderson does not argue that a subsequent suit would be time-barred.

[2]At the time Henderson filed his suit, Rule 4(j) read as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (current version at Rule 4(m)).  In 1993, Rule 4(j) was replaced by Rule 4(m), which states that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own

3

has brought suit against the United States under the SAA must effect service of process "forthwith," 46 U.S.C. app. § 742.[3]

We review the district court's dismissal of Henderson's complaint for lack of subject-matter jurisdiction de novo. *Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.1994).

A

Henderson argues that because the district court granted him an extension of time in which to effect service of process on the Government, he was exempt from § 742's "forthwith" requirement. Under Rule 4(j), the district court was required to dismiss a plaintiff's complaint for failure to meet the 120-day requirement unless the plaintiff showed "good cause" for its failure. While the district court did not expressly find that Henderson had shown "good cause" for being unable to meet the 120-day requirement, the court did grant him a fifteen-day extension.

In *United States v. Holmberg,* 19 F.3d 1062 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994), we

initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

[3]Section 742 states in pertinent part that:

The libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service....

4

addressed the question of whether the forthwith service requirement in § 742 is procedural and, thus, superseded by the Federal Rules of Civil Procedure. We held that the requirement of forthwith service is a condition of the government's waiver of sovereign immunity and, therefore, a jurisdictional prerequisite. *Id.* at 1064-65; *accord Libby v. United States,* 840 F.2d 818 (11th Cir.1988); *Amella v. United States,* 732 F.2d 711 (9th Cir.1984); *Battaglia v. United States,* 303 F.2d 683 (2d Cir.), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962). *But see Jones & Laughlin Steel, Inc. v. Mon River Towing, Inc.,* 772 F.2d 62 (3d Cir.1985) (holding forthwith service requirement to be procedural). Because § 742's forthwith service requirement is a jurisdictional prerequisite, it is not superseded by the Federal Rules of Civil Procedure and could not have been modified by Rule 4(j). *See Holmberg,* 19 F.3d at 1064 (holding that Rule 4(j) does not superseded § 742's forthwith requirement). Thus, the district court's decision to grant Henderson fifteen additional days in which to meet the forthwith service requirement of Rule 4(j) did not affect either the court's subject-matter jurisdiction or Henderson's obligations under § 742.

B

Henderson contends next that, given his problems with the mail, he completed service of process on the Government reasonably forthwith, and that the district court's implied finding that he showed "good cause" for the delay in service supports his contention. Henderson also cites as support our statement in

5

*United States v. Bradley,* 428 F.2d 1013 (5th Cir.1970), that in the context of another statute, the term "forthwith" was "deliberately undefined ... to allow courts to interpret it in a context of "reasonableness,' on a case by case basis." *Id.* at 1015. In *Holmberg,* however, we concluded that "under any definition, service in 103 or 106 days is not forthwith." *Holmberg,* 19 F.3d at 1065. Thus, even if we interpret the term in a context of reasonableness, and even if the district court found that Henderson showed good cause for the delay, completing service in 148 days is not forthwith.

C

Lastly, Henderson argues that his service on the Attorney General was forthwith and satisfied the service of process requirements of § 742. He contends that "the purpose of the [forthwith] requirement is to provide reasonably prompt notice of the suit to the United States," and that his service on the Attorney General provided the government with that notice. Under § 742, both service of the complaint on the U.S. Attorney and the mailing of a copy to the Attorney General are required to complete service of process on the government. *See* § 742. "The word "forthwith' applies both to the service of a copy of the complaint on the United States Attorney and to the mailing of a copy of the complaint by registered mail to the Attorney General of the United States." 1 Martin J. Norris, *The Law of Maritime Personal Injuries,* § 8.4 (4th ed. 1990). *See, e.g., Battaglia v. United States,* 303 F.2d 683, 686 (2d Cir.), *cert. dismissed,* 371 U.S. 907,

6

83 S.Ct. 210, 9 L.Ed.2d 168 (1962) (holding that the term "forthwith" applies to both the service and the mailing). Thus, while we do not address whether Henderson's service on the Attorney General was forthwith, we conclude that Henderson's service on the Attorney General alone did not satisfy the forthwith service requirement of § 742.

### III

For the foregoing reasons, we DENY the Government's motion to dismiss Henderson's appeal,[4] but AFFIRM the district court's dismissal of Henderson's complaint.

---

[4]In a Motion to Dismiss the Appeal as Unmeritorious, the Government moved for dismissal of Henderson's appeal pursuant to Local Rule 42.2, which provides for the dismissal of certain appeals that this Court finds "frivolous and entirely without merit." Although we affirm the district court's dismissal of his complaint, Henderson's appeal was not frivolous.