896 F.Supp. 75 (1995)
Stephen A. SMITH,
v.
MAR INC. and the United States of America.
Civ. A. No. 93-0016ML.
United States District Court, D. Rhode Island.
August 10, 1995.
Michael B. Latti and Kevin Donius, Latti Associates, Boston, MA, Robert T. Karns, Providence, RI, for plaintiff.
Robert E. Collins, Boston, MA, for MAR Inc.
R. Scott Blaze, U.S. Department of Justice, Torts Branch, Civil Division, Washington, DC, for the U.S.

*76 MEMORANDUM AND ORDER

LISI, District Judge.

Introduction
On January 12, 1993, plaintiff Stephen A. Smith (Smith) instituted an admiralty claim against defendants, the United States of America (U.S.A.) and MAR Inc. (MAR). Smith's action against MAR and U.S.A. sought recovery under the Jones Act, 46 App.U.S.C. § 688, under the doctrine of unseaworthiness pursuant to general maritime law, and maintenance and cure. As part of his claim for maintenance and cure, Smith sought punitive damages and attorney's fees for MAR's alleged willful and wanton denial of maintenance and cure. On February 9, 1995, this court issued an order adopting a report and recommendation from Magistrate Judge Lovegreen that this court grant MAR's motion for summary judgment on all but Smith's claim for punitive damages for MAR's alleged willful and wanton denial of maintenance and cure. Prior to the commencement of trial, MAR, citing Manuel v. U.S., 50 F.3d 1253 (4th Cir.1995) (decided March 29, 1995), filed a motion for reconsideration of this court's order denying summary judgment on Smith's claim for punitive damages. Finding the reasoning and holding of Manuel to be compelling and directly on point, this court grants MAR's motion for reconsideration.

Facts
The salient facts are not in dispute. On March 15, 1991, Smith was injured aboard the vessel TWR-841 while it was in navigable waters. At the time of his injury Smith was chief engineer of the vessel. Vessel TWR-841 was owned by defendant U.S.A. and operated by defendant MAR pursuant to a contract between U.S.A. and MAR. The contract provided that MAR was to operate and maintain certain vessels and service crafts supporting projects undertaken by the Naval Underwater Systems Center.

Discussion and Analysis
Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The facts must be reviewed in the light most favorable to the non-moving party, drawing all inferences in the non-moving party's favor. LeBlanc v. Great American Insurance Co., 6 F.3d 836 (1st Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). The non-moving party "`may not rest upon mere allegations * * *, [he or she] must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
The Magistrate Judge determined and this court agreed that TWR-841 was a public vessel and that MAR was an agent of the U.S.A. at the time Smith was injured. The Suits in Admiralty Act, (SAA), 46 App. U.S.C. §§ 741-752, and the Public Vessels Act (PVA), 46 App.U.S.C. §§ 781-790, permit admiralty suits to be brought against the United States for causes of action arising out of the operation of vessels owned or operated by the United States. However, the remedy of an injured seaman aboard a public vessel lies exclusively against the United States.
"[W]here a remedy is provided by this chapter [46 App.U.S.C. § 741 et seq.] it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim * * *." 46 App.U.S.C. § 745.
Thus, a seaman injured while aboard a public vessel operated by an agent of the United States may pursue his remedy only against the United States. Cruz v. Marine Transport Lines, Inc., 634 F.Supp. 107 (D.N.J.), aff'd mem., 806 F.2d 252 (3d Cir.1986), cert. denied, 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987). Any right of recovery against the United States precludes any recovery for the same injury against an agent, even if it was the agent's conduct that gave rise to the alleged injury. Petition of United States, 367 F.2d 505 (3d Cir.1966), cert. denied, *77 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805 (1967); see also 46 App.U.S.C. § 745.
Smith urges this Court to adopt the rationale articulated by the district court in Shields v. U.S., 662 F.Supp. 187 (M.D.Fla. 1987). The Shields court held that the exclusivity provision did not preclude a seaman from maintaining an action against the agent of the United States for punitive damages for the arbitrary denial of maintenance and cure.
"The exclusivity provision mandates that in cases `where a remedy is provided by [the SAA],' such remedy is `exclusive of any other action by reason of the same subject matter * * *.' 46 U.S.C. § 745. With regard to the `subject matter' of an arbitrary and willful denial of maintenance and cure benefits, no remedy is provided by the SAA. Thus, the plaintiff is not precluded from maintaining an action against the agent of the United States * * *." Shields, 662 F.Supp. at 190 (emphasis in original).
The Shields court found that "arbitrary claims handling is an entirely different subject matter from the negligent conduct for which the SAA provides a remedy." Id. To arrive at this conclusion, however, one must engage in artful parsing of the "same subject matter" language of the statute. This court need not dissect the language of the exclusivity provision. Rather, the rationale and holding in Manuel charts the course true to legislative intent and common sense application.
At the time of this court's acceptance of the report and recommendation only four federal district courts had considered whether the exclusivity provision of 46 App.U.S.C. § 745 barred a seaman's claim against the agent-operator of a vessel owned by the United States for punitive damages for the arbitrary denial of maintenance and cure. See Shields, 662 F.Supp. 187 (M.D.Fla.1987) (seaman could maintain a cause of action against the private owner despite the language of 46 App.U.S.C. § 745); Manuel v. U.S., 846 F.Supp. 478 (E.D.Va.1994), aff'd, 50 F.3d 1253 (4th Cir.1995) (rejecting Shields); Farnsworth v. Sea-Land Serv., Inc., 1989 WL 20544 (E.D.La. Mar. 7, 1989), aff'd mem., 896 F.2d 552 (5th Cir.), cert. denied, 498 U.S. 880, 111 S.Ct. 214, 112 L.Ed.2d 174 (1990) (rejecting Shields); Henderson v. International Marine Carriers, 1990 A.M.C. 400 (E.D.La.1989), aff'd mem., 921 F.2d 275 (5th Cir.1990) (following Shields).
In Manuel the Fourth Circuit undertook an exhaustive historical review and analysis of the Supreme Court's decisions interpreting the exclusivity provision of the SAA. Manuel, 50 F.3d at 1257-59. Having completed its legal analysis, the court found that "the seaman's action against the operator for the arbitrary and willful failure to pay maintenance and cure deals with the same subject matter," thus falling squarely within the exclusivity provision of the SAA. Id. at 1259. A bad faith claim of failure to pay maintenance and cure based upon the wrongful conduct of the agent's administrative employees is not a free standing cause of action; it arises out of and is wholly dependant upon the claimant's successful recovery on the underlying claim for maintenance and cure. See generally id. at 1259-60. I therefore find that Smith's punitive damages claim for the arbitrary denial of maintenance and cure arises by reason of the same subject matter, i.e. the injury that occurred on the TWR-841.
Smith's claim for punitive damages resulting from MAR's alleged bad faith failure to pay maintenance and cure is barred because it arises and takes its "life" from the accident aboard the TWR-81. Congress, by enacting the exclusivity provision of the SAA, has mandated that all actions arising from Smith's accident be brought against the United States. It would be inconsistent and illogical to bar Smith's maintenance and cure claim against MAR while at the same time allowing his claim against MAR for punitive damages as a result of MAR's alleged willful and wanton denial of maintenance and cure. Smith's remedy lies exclusively against the U.S.A. Because MAR is not a proper defendant, it is entitled to judgment as a matter of law.
This court reverses its February 9, 1995, order insofar as it denied MAR's motion for summary judgment on Smith's claim for punitive damages as a result of MAR's alleged willful and wanton failure to pay maintenance and cure. MAR's motion for summary judgment *78 is granted. The portions of the order accepting the report and recommendation regarding the Jones Act claim, the unseaworthiness claim and the maintenance and cure claim remain intact.
SO ORDERED: