**Richard J. STEWART, Plaintiff,**

v.

**UNITED STATES of America; American Foreign Shipping Co., Inc., Defendants.**

No. CV 495–12.

United States District Court, S.D. Georgia, Savannah Division.

Nov. 1, 1995.

Edwin D. Robb, Jr. (on brief), D. Michael Conner, Bouhan, Williams & Levy, Savannah, GA, for plaintiff.

Michelle T. Delemarre (on brief), John T. Adrian, Adrian and Delemarre, U.S. Dept. of

Justice, Washington, DC, Delora L. Kennebrew with United States Attorney, Savannah, GA, for defendants.

## ORDER

MOORE, District Judge.

Defendant United States of America (hereinafter "the United States") has, in this admiralty action, filed a Motion to Dismiss on the grounds that this Court lacks jurisdiction over the United States due to insufficient process under 46 U.S.C. app. § 742. FED. R.CIV.P. 12(b)(1). Additionally, Defendant has moved to dismiss Plaintiff's claims against Defendant American Foreign Shipping (hereinafter "AFS") on the grounds that it is barred by the exclusivity clause of 46 U.S.C. app. § 745. FED.R.CIV.P. 12(b)(6). For the reasons stated herein, this Court **DENIES** Defendant's Motion to Dismiss the claim against the United States and **GRANTS** Defendant's Motion to Dismiss and dismisses with prejudice the claim against AFS.

## FACTS

After Plaintiff signed shipping articles contracting him to 120 days' maritime service with AFS in November 1992, he began work aboard the S/S POTOMAC, a vessel owned by the United States Maritime Administration and operated by AFS. Plaintiff alleges that, during his term aboard the ship, he suffered a contusion to his left hand while shifting cartons of meat. After injuring his hand, Plaintiff, on January 20, 1993, left the vessel. He then began receiving maintenance payments of $8 per day and medical benefits from AFS during his period of disability which lasted until April 4, 1993. Throughout this period, Plaintiff alleges, he did not receive any wages.[1]

On January 13, 1995, Plaintiff filed a complaint against the United States and AFS under the Suits in Admiralty Act, 46 U.S.C. app. § 741, et seq., the Public Vessels Act, 46 U.S.C. app. § 781, et seq., the Jones Act, 46 U.S.C. app. § 688, and the general maritime law. Plaintiff sought to recover damages for, inter alia, unpaid wages and insufficient maintenance payments.[2] Thereafter, Plaintiff sent copies of the complaint and summons via certified mail to the Attorney General and to the United States Attorney for the Southern District of Georgia. These were received by both offices on January 17, 1995. The United States eventually filed answers for both defendants and did not raise any issues of sufficiency of process. This Court held a status conference with the parties on August 2, 1995. When discussing the pertinent legal issues, the United States raised a question about the propriety of the claim against AFS but did not discuss any concerns regarding sufficiency of process.

On September 6, 1995, the United States filed the Rule 12(b) Motion to Dismiss alleging that Plaintiff had not served the United States Attorney properly under 46 U.S.C. app. § 742 and could not file a claim against AFS due to the exclusivity clause of 46 U.S.C. app. § 745. This Court now considers the Motion, to Dismiss.

## ANALYSIS

I. *Plaintiff's Service upon United States Attorney by Certified Mail Constitutes Proper Service.*

The issue presented for resolution is whether service by certified mail constitutes valid service upon the United States Attorney in an admiralty action. The United States contends that it does not and that, because Plaintiff did not *hand deliver* the complaint and summons to the United States Attorney for almost two hundred days, Plaintiff failed to meet the "forthwith service" requirement of the Suits in Admiralty Act. The relevant clause dictates:

The libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of

---

1. The wage rate agreed upon in the shipping articles was $72.53 per day.

2. This Court on September 1, 1995, issued an Order enforcing the $8 per day maintenance rate bargained for by the National Maritime Union in its collective bargaining agreement. *See* Doc. 12.

the United States, and shall file a sworn return of such service and mailing.

46 U.S.C. App. § 742. Plaintiff answers that he perfected service upon the United States Attorney almost immediately through certified mail in accordance with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure (4)(i) provides in pertinent part:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States....

> .     .     .     .     .

FED.R.CIV.P. 4(i)(1). The United States acknowledges that Plaintiff had immediately mailed the summons and complaint to it but argues that § 742 requires personal service upon the United States Attorney. This Court disagrees and finds that service was perfected upon the United States such that this Court has jurisdiction over Plaintiff's claim.

The bulk of the United States' argument is premised upon the purported incompatibility of Rule 4 and the Suits in Admiralty Act. Counsel for the government utilizes case law regarding the timing of service in an effort to demonstrate that the manner of delivery of service is also controlled by the Act and not by the Federal Rules of Civil Procedure. Indeed, certain circuits have found that the time period for service of Rule 4 conflicted with the "forthwith service" provision of § 742. Through the 1980s and 1990s, all but one circuit which has ruled on the issue has held that the "forthwith" requirement of § 742 is jurisdictional and not procedural

and, therefore, cannot be superseded by the 120 day service period of Federal Rule of Civil Procedure 4(j) (presently Rule 4(m)). *Libby v. United States,* 840 F.2d 818, 820 (11th Cir.1988); *United States v. Holmberg,* 19 F.3d 1062, 1065 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994); *Amella v. United States,* 732 F.2d 711, 714 (9th Cir.1984); *see also Battaglia v. United States,* 303 F.2d 683 (2d Cir.1962), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962). Only the Third Circuit has bucked the majority trend by holding that the "forthwith service" phrase constitutes a procedural (not jurisdictional) requirement and therefore is superseded by the 120 day period prescribed in the Rules. *Jones & Laughlin Steel, Inc. v. Mon River Towing, Inc.,* 772 F.2d 62, 66 (3d Cir.1985).

Though the Eleventh Circuit has adopted the "jurisdictional" position, it has also hedged its bets and acknowledged that Rule 4(m) is not totally irrelevant:

> While we have held above that Rule 4([m]) is not directly applicable to this case, we believe that the rule provides helpful guidance in assessing what period of time is considered reasonable with respect to service of process.... The rule represents an informed and considered judgment that 120 days is a reasonable period of time within which to achieve service. It is thus an appropriate benchmark in evaluating whether service was accomplished with reasonable dispatch.

*Libby,* 840 F.2d at 821.

Basing its argument on the fact that this Circuit has taken the jurisdictional approach to the *timing* of service, the United States argues that this Court must ignore Rule 4 and look only to § 742 to determine *how* service may be accomplished. Counsel states: "The requirement of forthwith service applies both to personal service on the United States attorney and service by registered mail on the Attorney General." (Def.['s] Memo. in Supp. of Mot. to Dismiss, p. 9.) Additionally, the United States argues that the "requirement of personal service on the United States Attorney is in the same sentence as the forthwith service require-

ment." (Def.['s] Reply to Pl.['s] Opp. to Mot. to Dismiss, p. 5.) Looking at the relevant portion of § 742, *supra,* this Court finds this representation patently inaccurate because nowhere does the statute expressly require personal service; this is the distinction between the line of case construing "forthwith" which facially contradicted the provision of the Rules and this case construing "service" which does not facially contradict the manner prescribed in the Rules. This distinction is fatal to the United States' argument.

The United States attempts to support its position by citing a string of cases which required personal service upon the United States Attorney in admiralty and other actions against the United States. (Def.['s] Memo., p. 9 (citing *Amella,* 732 F.2d at 712–13 (admiralty); *Hall v. United States Maritime Administration,* 1993 WL 139507 (E.D.La. Apr. 27, 1993) (admiralty); *Phillips v. United States Army Corps of Engineers,* 629 F.Supp. 967, 972 (S.D.Miss 1986) (admiralty); *Halperin v. United States,* 610 F.Supp. 8, 12 (S.D.Fla.1985) (admiralty); *Rodriguez v. Tisch,* 688 F.Supp. 1530, 1531 (S.D.Fla.1988) (civil rights action against United States Postmaster)).) All of these cases, however, were decided before Rule 4 was amended in December 1993 to include the Rule 4(i)(1) provision for certified mail service upon the United States Attorney. The *only* post–1993 case which the United States cites is *Henderson v. United States,* 51 F.3d 574 (5th Cir.1995), an admiralty case.

Because this matter has not been explicitly resolved in the Eleventh Circuit, this Court turns to the *Henderson* decision for appropriate guidance. The portion of the *Henderson* opinion regarding service expressly cites as authority Rule 4(i)(1). *Id.* at 575. That rule, as indicated above, includes a provision for service upon the United States Attorney by certified mail. The *Henderson* decision clearly indicates that the jurisdictional position regarding "forthwith service" does not preclude consideration of Rule 4(i) to determine what constitutes valid service upon the United States Attorney. Indeed, prior to the close of 1993, personal service upon the United States Attorney was required in all civil actions against the United States pursuant to Federal Rule of Civil Procedure 4(d)(4). *See Peters v. United States,* 9 F.3d 344, 345 (5th Cir.1993). Rule 4(i)(1), has, however, liberalized the service requirements and rendered void the former Rule 4(d)(4). The Fifth Circuit has seen fit to follow, without protracted discussion, Rule 4(i)(1) in admiralty actions such as this one. *Henderson,* 51 F.3d at 575. This Court will do likewise.

■ Because § 742 does not facially contradict Rule 4(i) and because, unlike the "forthwith" consideration, there is no policy reason which would militate against such a decision, this Court rules that certified mail service upon the United States Attorney is valid service in an admiralty action; this Court has jurisdiction over this case. The Motion to Dismiss Plaintiff's claim against the United States is denied. Having so decided, it is unnecessary to address the arguments of counsel regarding equitable tolling and waiver of objection.

II. *Exclusivity Clause of Suits in Admiralty Act Precludes Plaintiff's Claim Against AFS.*

■ In addition to suing the United States, Plaintiff has sued the private party which operated the vessel for the United States. The relevant section of the Suits in Admiralty Act includes this clause: "[W]here a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States." 46 U.S.C. app. § 745. Recent case law, *infra,* demonstrates that Plaintiff's cause of action against the private party must be dismissed because there is an available remedy against the United States.

Plaintiff argues that the remedy it seeks against AFS is based in contract, not in tort, and therefore does not fall within the Suits in Admiralty Act. The sole case Plaintiff relies upon is *Henderson v. International Marine Carriers,* 1990 A.M.C. 400 (E.D.La.1989). *International Marine Carriers* adopted the controversial and rarely followed stance of *Shields v. United States,* 662 F.Supp. 187 (M.D.Fla.1987). The *Shields* court restated

the general recitation regarding the exclusivity clause:

> 46 U.S.C. § 745 ... precludes recovery against an agent of the United States in any case where he commits a wrongful act on a public vessel or merchant vessel of the United States and a remedy is available against the United States under the SAA.

*Id.* at 189 (footnote omitted). After conducting a very brief review of the legislative history of § 745, the court concluded that the exclusivity clause did not preclude the plaintiff from maintaining an action against the vessel operator as agent of the United States for arbitrary and willful denial of maintenance and cure benefits. *Id.* at 190. The court reasoned that no remedy for "arbitrary and willful denial of maintenance and cure benefits" existed under the Suits in Admiralty Act and, therefore, the plaintiff could pursue that remedy against the agent individually.

The *Shields* decision is not controlling in this case. Since *Shields* was published, other decisions have refuted the position adopted by the Middle District of Florida. Of all the federal decisions on this matter, only one, *International Marine Carriers*, has chosen to follow *Shields* in the manner desired by Plaintiff.[3] 1990 A.M.C. at 401–02. Indeed, while the *International Marine Carriers* Judge (Feldman, J.) in Louisiana's Eastern District chose to follow *Shields*, another

Judge (Duplantier, J.) in the same district rejected *Shields*. *See Farnsworth v. Sea-Land Serv., Inc.,* 1989 WL 20544 (E.D.La. 1989). Other District Courts considering *Shields* have rejected it. *See Smith v. Mar, Inc.,* 896 F.Supp. 75 (D.R.I.1995); *Fratus v. United States,* 859 F.Supp. 991 (E.D.Va. 1994); *Manuel v. United States,* 846 F.Supp. 478 (E.D.Va.1994).

This controversy, surprisingly, does not often arise in the District Courts.[4] The Eleventh Circuit has not spoken out on this subject, but other seaboard circuits have. In *Martin v. Miller,* the Fifth Circuit last month ruled that because the Clarification Act, 50 U.S.C. app. § 1291(a), grants seamen the right to pursue a claim for unpaid wages against the United States, the exclusivity clause bars such a claim against the private operator of the vessel. 65 F.3d 434, 442 (5th Cir.1995).[5] Likewise, in *Manuel v. United States,* a panel from the Fourth Circuit plucked the fig leaf from *Shields* and exposed the opinion as one which was both ill conceived and in conflict with congressional intent. 50 F.3d 1253, 1256–58 (4th Cir.1995). After a meticulous review of the legislative history and the jurisprudential background, the court stated:

> We conclude that Congress intended § 745 to require seamen to sue the United States on any maritime action arising out of an injury on a ship owned by or operated for

---

3. One court, while rejecting the notion that a seaman could bring an action for maintenance and cure against the private operator of a U.S. vessel, held that the exclusivity clause does not bar a seaman's claim against the private operator for punitive damages. *Abogado v. International Marine Carriers,* 890 F.Supp. 626, 629 (S.D.Tex.1995). To that extent, it followed *Shields.* Due to subsequent developments in the Fifth Circuit, it is unclear whether that court would reach the same conclusion today. *See Martin v. Miller,* 65 F.3d 434 (5th Cir.1995).

4. *See Manuel v. United States,* 50 F.3d 1253, 1255 (4th Cir.1995) (as of March 29, 1995, only four federal district court judges had considered whether the exclusivity clause precludes seaman's claim for maintenance and cure against the private operator of a vessel owned by the United States).

5. The plaintiff in *Martin* desired to pursue a statutory double-wages-for-nonpayment claim

against the private party. 65 F.3d at 441 (referring to 46 U.S.C. §§ 10313(g), 10504(c)). The court avoided the issue of whether the plaintiff could have received double wages from the United States since the plaintiff did not sue the United States in the libel discussed: "This case does not require us to consider the question of remedy; we therefore leave it for another day." *Id.* at 442, n. 4. The court observed, however, that it could locate no authority for the proposition that the United States automatically was not liable for double wages. *Id.* The court concluded by commenting, "It bears emphasis that we do not decide whether the Suits in Admiralty Act and the Clarification Act make the United States [liable for] double wages. Instead, we merely observe that we are not certain that [the plaintiff] could not recover double wage damages in a libel *in personam* brought against the United States pursuant to the Clarification Act and the Suits in Admiralty Act." *Id.*

the government, even if the action arises from the negligence of an agent's employee. Therefore, we conclude that the exclusivity provision in 46 U.S.C. § 745 was intended to require a seamen injured aboard a government-owned ship to bring his maintenance and cure action against the United States [and not against the private operator of the vessel].

*Id.* at 1259. The court commented, "Apparently, the *Shields* court went astray by treating the arbitrary and willful refusal to pay maintenance and cure as a cause of action separate from the simple failure to pay maintenance and cure benefits when due." *Id.* Plaintiff's complaint appears to seek compensatory relief and not any punitive damages; this fact simplifies but does not alter the adjudication of this matter. This Court follows *Manuel* and finds that Count II of the Complaint states a claim against AFS for which a remedy exists against the United States under the Suits in Admiralty Act and Clarification Act.

*Manuel* and *Martin* both reject the notion that the Suits in Admiralty Act does not incorporate contractual causes of action in suits against the government. This Court believes that the Fourth and Fifth Circuits have adopted the mainstream approach regarding the applicability of the exclusivity clause in suits for wages. Consequently, this Court will follow their lead and reject the reasonings and holdings of *Shields* and *International Marine Carriers.* In so doing, this Court hereby dismisses with prejudice Plaintiff's suit against AFS.

It must be noted, in closing, that by dismissing Plaintiff's claim against AFS, this Court does not preclude Plaintiff from maintaining an action for wages against the United States. Plaintiff in Count I of the complaint seeks compensatory relief from the United States for lost wages as a result of the maritime accident. As a result, this claim is preserved and will properly proceed to trial.

SO ORDERED.