Donnie E. SPINKS, Plaintiff-Appellant-
Cross Appellee,

v.

CHEVRON OIL COMPANY and Barge
Facilities, Inc., Defendants Third-Party
Plaintiffs-Appellees-Cross Appellants,

Labor Services, Inc., et al., Third-Party
Defendants-Appellees-Cross Appellants.

Donnie E. SPINKS, Plaintiff-Appellant,

v.

LABOR SERVICES, INC.,
Defendant-Appellee.

Donnie E. SPINKS, Plaintiff-Appellant,

v.

LABOR SERVICES, INC.,
Defendant-Appellee.

No. 73–3618.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1977.

Philip E. Henderson, Houma, La., for
plaintiff-appellant-cross appellee.

Lloyd C. Melancon, Joel L. Borrello, New
Orleans, La., for Chevron Oil Co.

Tom F. Phillips, John R. Tharp, Baton
Rouge, La., for Labor Services, and others.

James H. Drury, New Orleans, La., for
Surplus Lines Ins.

T. C. W. Ellis, New Orleans, La., for
Steamship Mut., etc.

Donald M. Pierce, Donald V. Organ, New
Orleans, La., for Seguros American Bana-
mex.

Lawrence D. Wiedemann, New Orleans,
La., for Welch Sales & Serv.

Before RIVES, WISDOM and COLE-
MAN, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the motion of
Chevron Oil Company for clarification of
the opinion is GRANTED.

In this Court's opinion in these cases is-
sued January 27, 1975, 5 Cir., 507 F.2d 216,
the Court reversed and remanded the cases

"for (1) *reconsideration* of liability, both
under the Jones Act and maritime law,
consistent with the principles stated in
this opinion; (2) *reconsideration* of the
indemnity provisions of the contract be-
tween Labor Services and Chevron; and
(3) the determination of damages, should
the district court find for the plaintiff."

At that time we used the term "reconsid-
eration" because we were hopeful that the
dispute might be resolved without the ne-
cessity of a new trial. Now, on reflection
and in the interests of justice, we conclude
that the trial judge may exercise his discre-
tion (1) to reconsider the issues without a
new trial or (2) to conduct a trial on the
existing record with such additional evi-
dence as he may regard as material and
pertinent to the issues raised in or as a
result of the appeal or (3) to retry the case
totally, if none of the parties is prejudiced
by the judicial delays inherent in the appel-
late process involving a difficult case or a
result of this Court's failure to act more
quickly on the motion for clarification. By
prejudice we mean, for example, the death
or unavailability of a key witness.