**James CORSAIR Plaintiff,**

v.

**STAPP TOWING CO., INC. Defendant.**

**No. CIV.A. G–02–521.**

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 23, 2002.

Matthew D. Shaffer, Schechter McElwee et al., Houston, TX, for Plaintiff.

James Montgomery Bennett, Dickinson, TX, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KENT, District Judge.

Plaintiff James Corsair ("Corsair") brings this action against Defendant Stapp Towing Co., Inc. ("Stapp") seeking to recover damages pursuant to the Jones Act, 46 U.S.C.App. § 688(a), and the general maritime law of the United States, for injuries he allegedly sustained while working on board Stapp's vessel, the M/V STARFISH. On September 3, 2002, Stapp filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons articulated below, Defendant's Motion to Dismiss shall be treated as a Motion for Summary Judgment and is hereby **DENIED**.

### I. Factual Summary

In its Motion to Dismiss, Stapp alleges that Corsair was an "independent contractor" rather than an "employee" of Stapp, and therefore, that Corsair "may not bring an action under the Jones Act or general maritime law, or receive maintenance and cure." Stapp attaches to its Motion a pre-printed form which reads, in part, "I, _____, ... do hereby declare that I am an independent contractor employed by _____ and as such instruct _____ not to withhold any federal income tax withholding or social security taxes from any monies paid to me for the period _____ through _____." Corsair allegedly signed the form declaring himself to be an independent contractor employed by Stapp Towing and instructing "Jeff" (presumably a Stapp employee) not to withhold taxes from Corsair's pay for the period from

January 1, 2001, through December 31, 2001.

## II. Legal Standard

### A. Proper Treatment of Stapp's Motion to Dismiss

Stapp has attached materials to its Motion to Dismiss. Because the Court has considered these "matters outside the pleadings," it reviews Stapp's Motion as a Motion for Summary Judgment. *See* Fed. R.Civ.P. 12(b) ( "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

### B. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See*

*id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.,* 799 F.Supp. 691, 694 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553; *see also* Fed. R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont De Nemours & Co.,* 58 F.3d 193, 195 (5th Cir.1995). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *See Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56. But to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1355. The nonmovant must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)).

### C. Recovery Under the Jones Act and for Maintenance and Cure

 An employer-employee relationship is essential to recovery under the Jones Act. *See Cosmopolitan Shipping Co. v. McAllister,* 337 U.S. 783, 790–91, 69

S.Ct. 1317, 1321–22, 93 L.Ed. 1692 (1949); *Spinks v. Chevron Oil Co.,* 507 F.2d 216, 224 (5th Cir.1975), clarified on other grounds, 546 F.2d 675 (5th Cir.1977). Such a relationship is also necessary for recovery of maintenance and cure. *See Cortes v. Baltimore Insular Line,* 287 U.S. 367, 371, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932). A court should look to the "venture as a whole" to determine whether an employer-employee relationship exists. *See Cosmopolitan Shipping,* 337 U.S. at 795, 69 S.Ct. at 1323. Factors influencing this determination include the following: the control exercised over the details of the work, the amount of supervision, the power to hire or fire the worker, the method of payment, the management and benefit of the operation as a whole, and the parties' understanding of the relationship. *See Wheatley v. Gladden,* 660 F.2d 1024, 1026 (4th Cir.1981) (discussing these factors in the context of a claim brought under the Jones Act and a claim for maintenance and cure); *Spinks v. Chevron Oil Co.,* 507 F.2d 216, 224 (5th Cir.1975); *Morris v. Mass. Mar. Acad.,* 409 Mass. 179, 565 N.E.2d 422, 431 (1991) (both discussing these factors in the context of a Jones Act claim); *see also United States v. W.M. Webb, Inc.,* 397 U.S. 179, 192, 90 S.Ct. 850, 856–57, 25 L.Ed.2d 207 (1970) (discussing maritime employer-employee relationships in the context of the Federal Insurance Contributions Act and the Federal Unemployment Tax Act).

### III. Analysis

In its Motion to Dismiss, Stapp argues that Corsair is an independent contractor rather than an employee and that, as an independent contractor, Corsair "may not bring an action under the Jones Act or general maritime law, or receive maintenance and cure." Stapp characterizes the job Corsair performed as "mov[ing] Defendant's [Stapp's] towboat from one location to another, usually ports along Texas Intercoastal Waterway." Stapp alleges that Corsair was not its employee because Stapp "did not control the many details of the work" and because "Plaintiff [Corsair] claimed his status as an independent contractor to the Internal Revenue Service." To support its Motion, Stapp attached the form in which Corsair allegedly admits his status as an independent contractor. (The form is described above in the "Factual Summary" section.)

Corsair responds with a sworn affidavit alleging that Stapp controlled the details of his job, including the hours and days he worked and the destination of each trip. In his affidavit, Corsair states that Stapp presented him with the preprinted independent-contractor form before he was allowed to start working, and that he thought the form was valid only for a "probationary period" after which he would become a full-time employee. Finally, Corsair attaches as an exhibit to his affidavit a U.S. Department of Transportation Breath and Alcohol Testing Form, which lists Stapp as an "employer" and Corsair as an "employee."

■ First, this Court will address the preprinted form, admittedly signed by Corsair, stating that Corsair was an independent contractor. This form appears to be nothing more than a contrivance, the sole and obvious purpose of which is to avoid the obligations of the Jones Act. But "[t]he Jones Act itself is in sweeping terms. Incorporating as it does the Federal Employers' Liability Act, the Jones Act protects seafaring workers against all manner of contracts and agreements which undertake to lessen or avoid the strict responsibilities imposed by Congress upon

the employers of seamen." *Stevens v. Seacoast Co.,* 414 F.2d 1032, 1038 (5th Cir.1969). As a means to relieve Stapp of its obligation under the Jones Act, this form is void as a matter of public policy.[1]

Furthermore, the United States Supreme Court held that "such words as employer, agent, independent contractor are not decisive" in determining who is a Jones Act employer. *See Cosmopolitan Shipping,* 337 U.S. at 795, 69 S.Ct. at 1323. Likewise, failure to withhold income taxes and to make deductions for social security or unemployment insurance is not determinative of employee status. *See Southern Shell Fish Co. v. Plaisance,* 196 F.2d 312, 313–14 (5th Cir.1952) (holding that the plaintiff could be an employee under the Jones Act even though the company he worked for did not withhold incomes taxes or make deductions for social security or unemployment insurance). Therefore, even if the form were not void, it would not be decisive in determining whether Corsair was an employee or an independent contractor.

■ This Court is left with competing contentions about who controlled the details of Corsair's work and what the Parties' understanding of the relationship was. This disagreement is suffused with factual nuances unsuitable for resolution at the summary judgment stage.

## IV. Conclusion

For all of the reasons set forth above, Defendant's Motion to Dismiss, treated as a Motion for Summary Judgment, is hereby **DENIED**. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**

---

1. The form might be entirely irrelevant because it was allegedly signed by Corsair on April 28, 2001, and purports to be valid from January 1, 2001, through December 31, 2001.

But Corsair alleges in his Original Compliant that his injury occurred "on or about April 20, 2002."